# Bentz *against* Nieman.

The interest of a residuary legatee being indefinite, and subject to all charges and specific legacies, he can demand contribution for nothing.

ERROR to the common pleas of *York* county.

Debt for a legacy.   Nicholas Nieman against the executors of Frederick Bentz, deceased.—The testator by his will bequeathed to the plaintiff a legacy of 100 dollars, and to others pecuniary legacies of a certain amount, and the residue of his estate to John Malone and John Myers, whom he named as his executors.   A caveat was entered against the probate of the will, and an issue was directed to try its validity.   The will was established, and the expenses incident to the trial were 736 dollars.   The only question

[Bentz v. Nieman.]

in the court below was whether all the legatees were bound to contribute to this expense by an abatement of their legacies.

The court (Durkee, president) instructed the jury that the specific pecuniary legatees were not liable to contribute, and the plaintiff was entitled to recover the whole amount of his legacy. Verdict for plaintiff.

*Chapin*, for plaintiff in error, cited 4 *Johns. Ch.* 334; *Com. Dig. tit., Chancery*, 2 *I.*

*Hambly*, contra.

PER CURIAM.—A residuary legatee can demand contribution for nothing. He gets but the fragments when every one else has been served. The costs and charges of settling the estate come out of it in the first instance; then the specific and pecuniary legacies are paid in their order: and finally, if any thing is left he gets it, but no one abates for him because his interest is dependent and indefinite.

Judgment affirmed.