## Wood's Estate.

209    16
f39SC 567
f39SC 569

*Wills—Residuary clause—Lapsed legacies.*

The foundation of the general rule in respect of lapsed legacies is that the residuary clause is understood to be intended to embrace everything not otherwise effectually given, because the testator is supposed to "take the particular legacy away from the residuary legatee, only for the sake of the particular legatee, so that upon failure of the particular intent, the court gives effect to the general intent."

. Testator made certain bequests to charities, which bequests lapsed because the will was not witnessed. In the residuary clause he directed as follows: "Everything not otherwise specified that I may own at time of my decease I desire shall be sold as soon as possible and proceeds divided as herein set forth," etc. *Held,* that the lapsed bequests should be distributed to the residuary legatees.

Argued March 25, 1904.    Appeal, No. 69, Jan. T., 1904, by Sarah Wood et al., from decree of O. C. Phila. Co., Oct. T., 1903, No. 129, sustaining exceptions to adjudication in estate of Ebenezer Wood.    Before DEAN, FELL, MESTREZAT, POTTER and THOMPSON, JJ.    Affirmed.

Exceptions to adjudication.

From the record it appeared that Ebenezer Wood died on September 14, 1902, leaving a will by which he made certain bequests to charities.    The will was not witnessed, and these bequests lapsed.    The residuary clause of the will was as follows:

" Everything not otherwise specified that I may own at time of my decease I desire shall be sold as soon as possible and proceeds divided as herein set forth; to my nephew, George Stammer, one fourth, and the balance in equal shares to Thomas H. Parkinson, now of Cape May, N. J., his two sons, Harry L. and Clifford, and his daughter, Florence Edna."

The auditing judge, ASHMAN, J., directed that the lapsed legacies should be distributed to the testator's next of kin and heirs under the intestate laws.

The exceptions to the adjudication were sustained by the court in banc, PENROSE, J., filing the following opinion :

The purpose of a residuary clause in a will is to make a complete testamentary disposition of the estate of the testator so

that no part of it may be left to pass under the intestate laws. It is a gift of all that is left after the gifts specified or designated have been paid or satisfied ; and it carries with it, and is presumed to have been so intended, not only all personal estate which remains not specifically disposed of at the time the will is executed but all that, for any reason, is illy disposed of, or fails as to the legatees originally intended. This was very clearly enunciated "having long been law" in Cambridge v. Rous, 8 Vesey, 12, which has been followed in innumerable cases (see Massey's Appeal, 88 Pa. 470). There may, of course, be a limited or restricted residuary gift which would carry nothing outside of the designated limits ; but in the absence of clear evidence of intention to restrict, it is assumed that the testator intended the residuary clause in a general sense. Lord ELDON declared in Bland v. Lamb, 2 Jacob & Walker, 399, that "Very special words are required to take a bequest of a residue out of the general rule," and in Leake v. Robinson, 2 Meriv. 362–392, Sir WM. GRANT said, "It must be a very peculiar case indeed in which there can be at once a residuary clause and a partial intestacy, unless some part of the residue itself be ill given," this being quoted with approval by Judge KENNEDY in Woolmer's Estate, 3 Wharton, 477.

In the case now before us the residuary clause is thus expressed : "Everything not otherwise specified that I may own at the time of my decease I desire shall be sold as soon as possible and the proceeds divided as herein set forth—to my nephew George Stammer one fourth, and the balance in equal shares to Thomas H. Parkinson, his two sons, Harry L. and Clifford, and his daughter Florence Edna," and as among the gifts "specified" were some to charities which failed under the act of assembly because of incomplete execution of the will, it was held as the residue was only of what was not specified that the invalid gifts passed under the intestate laws and not to the residuary legatees.

We do not think such a construction of a residuary clause can be sustained as against the vast weight of authorities. It is not easy to see the difference between a gift following specified disposition of all the "residue and a gift of everything as in this case 'not otherwise specified.'" The will shows a clear intention to exclude any part of the estate from passing under

the intestate laws, and no particular mode of expression is necessary to constitute a residuary legatee. In Evans v. Jones, 2 Coll. 516, the testator bequeathed all his personal estate "except" the money laid out in stock, mortgages, and bonds to A, and gave the property thus excepted to B, yet the gift to B having failed it was held that it passed to A under the terms of the residuary gift.

The foundation of this general rule in respect of lapsed legacies it is said in 2 Williams on Executors, 1569, is that the residuary clause is understood to be intended to embrace everything not otherwise effectually given; because the testator is supposed to "take the particular legacy away from the residuary legatee, only for the sake of the particular legatee; so that upon the failure of the particular intent the court gives effect to the general intent."

Of course there may be cases in which the provisions of the residuary clause are such as to make it impossible to believe that the testator intended a legacy of a character inconsistent with such provisions to fall into it. As where a gift of liberty to slaves failed under a statute forbidding manumission, and the residuary clause directs the sale of all property which it is intended to embrace; but those cases bear no resemblance to the one now before us.

The exceptions are sustained and the distribution awarded accordingly.

*Error assigned* was the decree of the court.

*Sydney Young*, for appellant, cited: James v. Irving, 10 Beav. 276; Wainman v. Field, Kay, 507; Lea v. Brown, 56 N. C. 141; Kerr v. Dougherty, 79 N. Y. 327; Hughes v. Allen, 31 Ga. 483; Nyce's Est., 5 W. & S. 254.

*Louis Brégy* and *Wm. F. Johnson*, with them *H. Homer Dalbey*, for appellees.

PER CURIAM, April 11, 1904:

The learned judge of the court below in speaking of the interpretation to be put upon a general residuary clause in a will says:

"The foundation of this general rule in respect of lapsed

legacies it is said in 2 Williams on Executors, 1569, is that the residuary clause is understood to be intended to embrace everything not otherwise effectually given; because the testator is supposed to " take the particular legacy away from the residuary legatee, only for the sake of the particular legatee; so that upon failure of the particular intent the court gives effect to the general intent."

This of itself would be ample authority in vindication of the decree if we had no more. The decree is affirmed on the opinion of the court below and the appeal dismissed at costs of appellant.