## Worth's Estate.

*Will—Legacy—Void legacy—Charity—Residue—Trusts and trustees.*

1. Where a testator gives a fund to a trustee to pay the income to his sister for life, and after her death to pay out of the principal her funeral expenses and two legacies, one to a charity, and to pay the remainder of the fund to a niece, and after disposing of other portions of his estate he gives the residue thereof to a person named, and dies within thirty days of the execution of his will, the amount of the lapsed legacy given to the charity goes to the general residuary legatee, and not to the niece who was given the remainder of the special trust fund.

2. As a general rule a legacy which fails either by lapse or because void ab initio goes into the residue.

Argued Nov. 20, 1908. Appeal, No. 213, Oct. T., 1908, by Lillie H. Kautz, from decree of O. C. Chester Co., dismissing exceptions to auditor's report in Estate of Annie E. Worth, deceased. Before Rice, P. J., Porter, Henderson, Morrison, Orlady and Head, JJ. Reversed.

Exceptions to report of W. S. Harris, Esq., auditor.
The opinion of the Superior Court states the case.

*Error assigned* was in dismissing exceptions to auditor's report.

*Thomas W. Baldwin*, for appellant.—The word "remainder" as used by testatrix, defines the legacy and fixes its amount. It is the gift of a definite sum, charged with the payment of the funeral expenses of Jane M. Hardy: Barrett's Estate, 22 Pa. Superior Ct. 74; McGlaughlin's Executor v. McGlaughlin's Administrator, 24 Pa. 20; Pittman's Est., 182 Pa. 355.

The testatrix does not die intestate as to a void or lapsed legacy where there is a residuary legatee named in the will: Act of April 26, 1855, P. L. 328.

It is a well-established rule that a general residuary clause contained in a will carries with it any legacies which for any reason have lapsed or are void: Alter's Estate, 4 Pa. C. C. Rep. 558; Gray's Estate, 147 Pa. 67; Wood's Estate, 209 Pa. 16.

*J. Frank E. Hause*, for appellee.—It matters not in what part of the will the appropriate expression is used, it will pass the "remainder" or "residue" of that part of the estate to which it refers: Reimer's Estate, 159 Pa. 212.

No rule of construction requires that the word "remainder" shall be applied exclusively to that part of the estate referred to in the final residuary clause, or that all lapsed or void legacies shall, of necessity, pass under that clause: Mahorner v. Hooe, 48 Am. Dec. 712.

Both the fourth and sixth clauses of the will are perfectly consistent, and if there were doubt as to their consistency, it would become the duty of the court to so construe the will as to give full force and effect to both clauses, barring, however, the inability so to do on account of strict legal rules: Jones v. Strong, 142 Pa. 496; Phillips' Estate, 205 Pa. 504; Willard's Estate, 68 Pa. 327; Pittman's Estate, 182 Pa. 350.

OPINION BY RICE, P. J., July 14, 1909:

The will of the testatrix contained, amongst others, the following provisions: "Fourth. I give and bequeath to the Farmers' and Mechanics' Trust Company the sum of $5,000, in trust to pay the interest and income arising therefrom for the support and maintenance of my sister, Jane M. Hardy, during the term of her natural life, and at her death I give the said principal sum of $5,000 as follows: I direct that the said Farmers' and Mechanics' Trust Company pay the funeral expenses of my said sister Jane M. Hardy; I give $2,000 to Lillie Hoopes, daughter of Cyrus Hoopes; $1,000 to the Wentworth Home, of the Borough of West Chester, and the remainder I give to my great niece, Lettie W. Kugler." Then after giving several pecuniary legacies the will concludes: "Sixth. If any estate remains after paying expenses of my funeral and expenses of administering my estate, not including collateral inheritance, which I do not desire my residuary estate to pay, I give and bequeath the same to Lillie Hoopes, daughter of Cyrus Hoopes."

The auditor whose report was approved by the orphans' court found that the legacy to the Wentworth Home was void, because the will was executed within one calendar month of the

death of the testatrix; that the net balance for distribution was $7,782.31; that the legacies amounted to $9,900; that all legacies must abate; and that Lettie W. Kugler was entitled to the void legacy. The principal questions for decision are as to the distribution of the void legacy and as to the funeral expenses which will accrue upon the death of Jane M. Hardy.

Section 11 of the Act of April 26, 1855, P. L. 328, regulating devises, bequests and conveyances for religious or charitable uses, declares that all dispositions of property contrary thereto, shall be void and go to the residuary legatee or devisee, next of kin or heirs according to law. It is well settled that this is a statute of wills and conveyances, not of distribution of decedents' estates, testate or intestate, and that the expression "go to the residuary legatee or devisee, next of kin, or heirs according to law," means to one or the other, as the case may be under the law of distribution: Gray's Estate, 147 Pa. 67. It is therefore not important in the determination of the question before us that the act mentions the residuary legatee first. But the same case shows, as indeed all the authorities agree, that as a general rule a legacy which fails, either by lapse or because void ab initio, goes into the residue. The force accorded to this rule and the reason on which it is founded are well shown in Wood's Estate, 209 Pa. 16. By the will construed in that case the testator made certain bequests to charities, which lapsed because the will was not witnessed. In the residuary clause he directed as follows: "Everything not otherwise specified that I may own at the time of my decease I desire shall be sold as soon as possible and the proceeds divided as herein set forth." It was held that the words "not otherwise specified" in the residuary clause did not prevent the lapsed legacies from going to the residuary legatee in accordance with the general rule. Judge PENROSE whose opinion was affirmed by the Supreme Court said: "The foundation of this general rule in respect of lapsed legacies, it is said in 2 Williams on Executors, 1569, is that the residuary clause is understood to be intended to embrace everything not otherwise effectually given; because the testator is supposed to 'take the particular legacy away from the residuary legatee, only for the sake of the particular legatee; so that upon the fail-

ure of the particular intent the court gives effect to the general intent.'" The rule even as thus broadly stated, is not without its exceptions, as, for example, where part of the residue is itself ill given (Leake v. Robinson, 2 Mer. 363; Gray's Estate, 147 Pa. 67); nor does it require that a lapsed or void legacy shall go to the legatee named in the final residuary clause if the intention of the testator that it shall go elsewhere appears upon a construction of the whole will. "And even though the word 'residue' be employed by the testator, yet if it appears, on the construction of the whole will, that he meant to use it in a more restricted sense, than that of its large and general sense comprehending whatever of his personal estate in the events which happen turns out to be undisposed of, the court is bound to construe it in such restricted sense:" 2 Williams on Executors (4th Am. ed.), *1253, citing Green v. Pertwee, 5 Hare, 249. In short, the rule is not to be applied to defeat the actual intention of the testator if that intention is discoverable from a construction of the whole will and is lawful. Therefore, if it was the intention of the testatrix in the present case that, in the event of the legacy to the Wentworth Home lapsing or becoming void by reason of her death within one calendar month after the execution of the will, it should fall into the remainder of the particular fund bequeathed in the fourth clause of the will, there is no rule of construction or of law which requires us to hold that this intention shall not prevail. But in determining whether such was the intention of the testatrix it is highly important to observe that the sixth clause of her will shows that she had directly in mind the disposition of what she termed "my residuary estate." This was broad enough to include and prima facie would include, all lapsed or void legacies not diverted therefrom by statutory provision. There is, therefore, no occasion for resorting to the presumption that she did not intend to die intestate as to any part of her estate in the construction of the fourth clause. For the same reason her omission to provide specifically in that clause for the disposition of the legacy to the Wentworth Home in the event of its lapsing or becoming void, whilst not conclusive, is significant. If, as is argued, she had that contingency in mind and did not intend that in that

case the legacy should fall into the general residue, it seems remarkable, at least, that she did not make provision against it in words that would have put the question beyond doubt. In the construction of a will artistically drawn and containing a disposition of the testator's residuary estate, without any qualifying words in that connection restricting the gift to a part of such estate, consideration may properly be given to the omission above referred to. There may, of course, be a limited or restricted residuary gift which would carry nothing outside of the designated limits; but in the absence of clear evidence of intention to restrict it is assumed that the testator intended the residuary clause in the general sense: Wood's Estate, 209 Pa. 16. Every word of the fourth clause may be taken in one of its ordinary meanings and be given full effect without concluding that the testatrix intended the subsequent residuary clause to be less comprehensive than its terms import. This may be done by interpreting the word "remainder" employed in the fourth clause to mean the balance remaining after deducting the amount of the legacies previously given and the funeral expenses of Jane M. Hardy. See Easum v. Appleford, 5 My. and Cr. 56. Notwithstanding the able presentation of the opposite view by the learned auditor and the learned counsel for the appellee we are constrained to the conclusion, having regard to the well-established doctrine applicable to lapsed or void legacies, that this is the better view, and more in harmony with it; further, that we are more likely to carry out the actual intention of the testatrix by adopting it than by holding that Lettie W. Kugler is residuary legatee of the $5,000 fund.

It follows that if the assets of the estate were sufficient to pay all the general legacies in full, the amount of the Wentworth Home legacy would be payable to Lillie H. Kautz, the residuary legatee, upon the death of Jane M. Hardy. But it is conceded by her counsel that as they are insufficient for that purpose, the amount which the Wentworth Home would take upon the death of Jane M. Hardy, if the legacy were not void, must be divided amongst those to whom general legacies have been given which have abated. As such disposition would not pay the legacies, it results that a schedule for the pro rata distribution of that

sum upon the death of Jane M. Hardy must be made part of the decree.

It was evidently, not the intention of the testatrix that any part of the funeral expenses of Jane M. Hardy should be taken out of the sum bequeathed to Lillie Hoopes, now Kautz, the appellant. The testatrix directed their payment out of the $5,000 legacy, and as counsel for appellee frankly concedes, "the remainder" his client takes must be reduced by their amount.

The decree is reversed at the costs of the appellee, and the record is remitted to the orphans' court with direction to make distribution in accordance with the conclusions expressed in the foregoing opinion.