CHARLES R. BEIDLER et al., Appellants, v. H. L. DEHNER, Administrator, et al., Appellees.

**TRUSTS: Validity—Want of Trustee—Devises.** No lawful trust will
1  be invalidated for want of a clearly designated trustee. *Held,* a devise to the "curate of the Apollonia Church at Rollingen, Canton Mersch, Luxemburg," and to the "cantonal curate of Mersch," was to such official curate and to his official successor, and was sufficiently definite.

**TRUSTS: Validity—Indefinite Beneficiaries—Wills.** A charitable
2  devise will not be set aside because of indefiniteness as to the individual beneficiaries, if the class to be benefited is designated with any reasonable degree of clearness, or the authority is expressly or impliedly given to a trustee or other person to appoint or designate the members of such class. *Held,* a devise to "the poor of the county of Luxemburg" and to "the poor curates of the county of Luxemburg," is sufficiently certain.

**CHARITIES: Validity—Charitable Trusts as Favorites of the Law.**
3  Principle recognized that charitable trusts are favorites of the law, and will receive the benefit of the most liberal rules of construction within the allowable limits of chancery jurisdiction.

**WILLS: Construction—Failure of Specific Legacy—Residuary Clause**
4  —Effect. If a specific legacy fails because of hopeless uncertainty, intestacy to the extent of such legacy does not result when the will contains a residuary clause. It follows that he who

defeats such specific legacy can take no benefit therefrom, if he is not within the benefit of the residuary clause.

**TRUSTS:** Execution—Foreign Trustees—Allowability. A valid trust will be honored, even though the execution of the trust is confided to trustees residing in a foreign nation.

*Appeal from Dubuque District Court.*—JOHN W. KINTZINGER, Judge.

SATURDAY, JANUARY 20, 1917.

ACTION brought to obtain judicial construction of the will of Jacob Sperner, deceased. From the ruling and judgment of the trial court, the plaintiffs appeal.—*Affirmed.*

*William Graham,* for appellants.

*Fitzpatrick & Frantzen,* for appellees.

WEAVER, J.—Jacob Sperner died April 5, 1911, leaving a will, which was duly admitted to probate on October 5th of the same year. He left neither wife nor direct lineal descendant, nor surviving parent, brother nor sister.

1. TRUSTS: validity: want of trustee: devises.

It is said in argument that his estate is of the value of $12,000 to $15,000. By the terms of the will, numerous bequests ranging from $50 to $500 were made to religious and charitable uses, concerning which no question is raised; and in addition thereto, certain other gifts as provided for in the seventh and eighth paragraphs of the instrument, to the amount of $4,400. These paragraphs, the construction and validity of which are challenged by the appellants, read as follows:

"Item 7. I give, devise and bequeath the following sums to the persons and for the purposes named:

"To the curate of the Apollonia Church at Rollingen Canton Mersch, Luxemburg, $500, to distribute among the poor curates of the county of Luxemburg to say masses for it.

"To the cantonal curate of Mersch I bequeath $500 for

masses for my father; $500 for masses for my mother, $300 for masses for my brother Carl Sperner, $300 for masses for my other brother Charles Sperner, $300 for the natural child of my brother, and $300 for Anna Sperner's nephew, $300 for masses for my brother Peter Sperner.

"Item 8. I give and bequeath $2,000 to the cantonal curate of Mersch, Luxemburg, to be equally divided among the children of my sisters and brothers."

The residuary clause is as follows:

"The balance of my inheritance shall be used to defray the expense of the execution of this will and for distribution among the poor of the county of Luxemburg, confiding this to be the wise disposal of the cantonal curate of Mersch, Grand Duchy of Luxemburg, Europe."

No extrinsic evidence appears to have been offered in aid of the construction of the instrument. It was conceded, however, that the testator was widowed and childless; that he at one time had three brothers and two sisters. Three of these persons, two brothers and a sister, have been lost sight of for more than 40 years, and nothing is known whether they still survive, or, if dead, whether they left any issue. The other brother and sister of the testator died in his lifetime, both of them leaving children, of whom some at least survived him. The plaintiffs in this action are grandchildren of the deceased sister of the testator.

Johannes Joseph Koppes, Michael Fox and Theodore Hartman, who are impleaded as defendants, are respectively Bishop of Luxemburg, Cantonal Curate of Apollonia Church at Rollingen, Grand Duchy of Luxemburg, and Cantonal Curate of Mersch in the Grand Duchy of Luxemburg.

The trial court held that the legacy in the seventh paragraph, of $300 to the natural child of the testator's brother, was void for indefiniteness, and that upon its avoidance such legacy fell into the residue of the estate. As to all the other items or legacies provided for in Paragraphs 7 and 8 and in the residuary clause, the court found that there was no am--

biguity and no indefiniteness calling for judicial construction of the testator's meaning; that each and all of said legacies, except the one item above mentioned, are such as the testator could lawfully provide, and they were established and confirmed in accordance with their expressed terms. The court further found that, the will having been duly probated, the plaintiffs, not in any manner attacking the will as such, but confining their objections to the construction and effect of certain paragraphs only, had no such interest in the effect or construction of these paragraphs as gives them any standing in court or right to maintain this action; in other words, the holding was that, even if these two paragraphs be held void, the only effect would be to carry the sums so attempted to be given away, into the residuum of the estate, in which plaintiffs have no part or interest.

I. The specific objections to Paragraphs 7 and 8 of the will, as stated by counsel, are: (1) That the gift to the curate of the Apollonia Church, to distribute among the poor curates of the county of Luxemburg, is void for want of a proper trustee and definite beneficiary; (2) the same objection is made to the gift of the curate of Mersch for masses for certain named relations of the testator; (3) that, while the bequest in the eighth paragraph is valid, it ought to be distributed under the direction of the local court, and not sent to a trustee beyond the seas; (4) that the residuary bequest is void for want of a proper trustee, and for want of a definite use or purpose, and is impossible of execution.

2. TRUSTS: validity: indefinite beneficiaries; wills.

All these objections may be considered together. The propositions of law urged by counsel have been pressed upon the attention of this court on several occasions within the last few years, and the general doctrines involved in the discussion are too thoroughly well settled to justify us in traveling over the ground again at this time. See *Klumpert v. Vrieland,* 142 Iowa 434; *Grant v. Saunders,* 121 Iowa 80; *Quinn v. Shields,* 62 Iowa 129; *In re Estate of Cleaven,* 161

Iowa 289; *Phillips v. Harrow,* 93 Iowa 92; *Wilson v. First Nat. Bank,* 164 Iowa 402, 409.

That decisions may be found going to the other extreme, holding void many charitable devises on the score of indefiniteness, will be admitted; but it will be seen, by reference to our cases above cited, that we have refused to recognize the authority of those precedents, and given our adhesion to the more just and reasonable rule that no lawful trust will be invalidated for want of a clearly designated trustee, nor will a charitable devise be set aside because of indefiniteness as to the individual beneficiaries, if the class to be benefited is designated with any reasonable degree of clearness, or the power or authority is expressly or impliedly given to a trustee or other person, to appoint or designate the members of such class. Such gifts, we have said, appeal to the favor of the law, and the courts will give them the benefit of the most liberal rules within the allowable limits of chancery jurisdiction. *Wilson v. First Nat. Bank,* 164 Iowa 402, 409. There is no indefiniteness concerning the trustees named in the will. Indeed, plaintiffs themselves find no trouble in ascertaining and identifying the bishop and the curates answering the appointments made in the will, and have brought them by name into this case.

**3. CHARITIES: validity: charitable trusts as favorites of the law.**

The terms "the poor of the county of Luxemburg" and "the poor curates of the county of Luxemburg" are not too indefinite to be capable of reasonable designation. See, as quite in point, the discussion of *Klumpert v. Vrieland,* 142 Iowa 434; *Howard v. American Peace Society,* 49 Me. 288; *Moore's Heirs v. Moore's Devisees,* 4 Dana (Ky.) 354; *Harrington v. Pier,* 105 Wis. 485; *Phillips v. Harrow,* 93 Iowa 92. If it be said that this construction of the will vests much power and discretion in the trustees, it is a sufficient answer that this was a matter for the testator to decide for himself. The property was his own. He was under no obligation, legal or moral, to enrich his collateral relatives with it. If he de-

sired to consecrate his means to the support of religion and the relief of human want or suffering, it was natural and proper for him to select some one or more persons upon whose integrity, as well as whose sympathy with his charitable purposes, he believed he could rely, to act as his trustees. A trust hampered by too many or too narrow restrictions is thereby often robbed of its intended effect, and the charitable purposes of its creator defeated, when, in the hands of faithful and discreet trustees, commissioned to exercise a degree of judgment and discretion, it would reach its maximum of usefulness. The cases of *Filkins v. Severn,* 127 Iowa 738, and *Moran v. Moran,* 104 Iowa 216, are not in point. In the *Filkins* case there was a trustee named, but no provision whatever made as to the provisions of the trust, or for whose benefit it was to be administered. In the *Moran* case, there was a gift of $500 for the sisters of charity, but with no limitations as to residence or place, or other identifying circumstance; and, so far as shown by the will, every sister of charity on the globe could have claimed a share in the gift, had it been held valid. The invalidity of such a trust is too apparent for argument. Of the cases cited from other jurisdictions, we have to say that, in so far as they announce doctrines inconsistent with the views we have here expressed, we have at all times distinctly refused to follow them.

A further argument is offered that the naming of the curates as trustees is made too uncertain, because an individual curate holding the named position may die or be removed after the will becomes effective by death of the testator, in which case there would be no one qualified to administer the trust. But this we think is going a long way to borrow trouble. The trust is imposed upon the curate in his official capacity, and whoever fills the office when the distribution is made, is made the trustee entitled and empowered to act. The priest may die or be removed, but the office, the position, remains, and the responsibilities of the trust will attach to his successor. The plaintiffs have no manner of

interest in the trust or trust property, and they have no standing in court to object to the place where or the jurisdiction in which it is administered.

II.   Some question is made as to the bequest to "Anna Sperner's nephew," a gift which, it is said, was evidently intended for Anna Sperner's son or grandson. That issue does not seem to have been raised on the trial below, and, even if such claim was made, we think there is an entire absence of evidence on which to support a finding to that effect. On the other hand, if the gift should be held void for indefiniteness, plaintiffs are not in a position to receive any benefit from such determination.

III.   Again, it is said that the failure of the gift to the natural son of the testator's brother left at least that much intestate property for distribution under the statute.   We are cited by counsel to no authority in support of this contention, and our own investigation discloses none.   One of the chief purposes of a residuary clause in a will is to prevent intestacy as to any part of the testator's estate.   It covers and includes all property not otherwise mentioned or disposed of; and, in the absence of any provision indicating a contrary intent, failure of a specific legacy to vest or become effective in a legatee leaves the amount so released to fall into the residuum, and to go to the residuary legatee. *In re Wood's Estate,* 209 Pa. 16 (57 Atl. 1103).

4. WILLS: construction: failure of specific legacy: residuary clause: effect.

IV.   It is finally said that the trust estate ought not to be committed to a foreign trustee.   In the first place, the beneficiaries of the trusts, with perhaps a single exception, appear all to live in the Grand Duchy of Luxemburg.   The administration of such trusts in any practical manner requires the service of trustees who are resident there.   It is to be presumed that the laws of that jurisdiction provide means by which the interests of the beneficiaries may be protected with an efficiency which would be impossible to accomplish here.   Then again,

5. TRUSTS: execution: foreign trustees: allowability.

as we have already noted, what difference can it make to these appellants whether the trust is administered here or in Europe? Under no allowable construction of the will can they come into any share of this estate, unless we are prepared to repudiate all our prior decisions on the subject and establish another rule which we regard as essentially unsound and unjust, and this we are not ready to do.

For reasons stated, the plaintiff's appeal cannot be sustained, and it follows that the judgment below must be, and it is,—*Affirmed.*

GAYNOR, C. J., EVANS and PRESTON, JJ., concur.