## Jacobs's Estate.

*Decedents' estates — Intestacy — Widow's allowance of $5000 — Cost of appraisement of widow's share—Act of June 7, 1917.*

1. The expense of appraising securities chosen by the widow as a part of her special allowance of $5000, under section 2 of the Intestate Act of June 7, 1917, P. L. 429, is part of the cost of the administration, and payable out of the estate.

*Decedents' estates—Widow taking assets at valuation greater than that in inventory—Surcharge of executor with the additional value.*

2. When a widow takes assets as part of her allowance at more than the inventoried value, the increase should appear as a charge against the executor in his account, just as if he had sold them at that increase.

*Decedents' estates — Widow's share — Residue applicable to payment of legacies.*

3. Where a testator marries after the execution of his will, so that his widow takes under the intestate law, his will remains effective as to all the residue that remains after the claim of the widow under the Intestate Act is satisfied; therefore, the pecuniary legacies must be paid in full from that residue only.

Exceptions to adjudication. O. C. Phila. Co., July T., 1921, No. 26.

*Neville D. Tyson*, for widow, exceptant.

*Edgar N. Black*, for executor, exceptant.

GEST, J., Nov. 18, 1921.—The testator made his will in 1912, married in 1916, and died without issue in 1920. His widow, under section 2 of the Intestate Act of June 7, 1917, P. L. 429, was entitled, in addition to her exemption, to her special allowance of $5000, to be chosen by her from real or personal estate, or both, and in addition to one-half part of the remaining real and personal estate. She presented her petition to the court, in which she chose and selected certain designated securities, and asked that appraisers be appointed in order that they might be set apart for her. The appraisers having filed their appraisement of the securities so selected, amounting, with cash, to $5000, the appraisement was confirmed by the court. At the audit the widow requested that she be further allowed the sum of $22.25 as the expenses of the appraisement, representing a $10 fee to each of the appraisers and the costs of the affidavits. The auditing judge, however, held that these expenses were not properly chargeable to the estate, but should be paid by her individually, and dismissed her claim, and the widow has filed exceptions to this ruling. The majority of the court are of the opinion that these expenses should be considered as costs of the administration of the estate, and the exceptions of the widow are, therefore, sustained.

The exceptions of the accountant are without merit. The securities selected by the widow were appraised by the appraisers appointed on her petition in a sum greater by $685 than the appraisement thereof made in the inventory, and the auditing judge in making distribution added that sum to the balance shown by the account and awarded to the widow from the balance thus ascertained the securities, of course at the higher valuation, with some cash aggregating $5000; the residue being awarded, one-half to the widow and one-half to the legatees under the will. The auditing judge could have done nothing else; as he properly said: "The widow taking these assets at $685 more than they were appraised at for the purpose of administration is just as if the executor had sold them at that increase, and under the circumstances the increase should appear in the account. For purposes of distribution, this account will be surcharged with this item of $685."

1 D. & C.

Jacobs's Estate.

Of course, as the testator married after making his will, he must, under section 21 of the Wills Act of June 7, 1917, P. L. 403, 410, be deemed and construed to have died intestate so far as the widow is concerned: Shestack's Estate, 267 Pa. 115; so that, as to her, the will does not exist; but it remains effective as to all that remains after the legal claim of the widow is satisfied. It, therefore, follows that the pecuniary legacies must be paid in full from the remainder left after the award to the widow. They cannot be deducted from her share or any part of it, although the result may be unfortunate for the residuary legatees named in the will: Perry's Estate, 18 Phila. 124; Bentz v. Nieman, 6 Watts, 85. It may be remarked that the surcharge is purely technical and for the purposes of distribution only, without implying any default on the part of the accountant.

The exceptions of the accountant are dismissed, and the adjudication, modified as to the allowance of the expenses of the widow's special allowance, is confirmed absolutely.