In re: Estate of John Moore.

Argued October 28, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*John C. Arnold*, and with him *W. Wallace Smith*, for appellant.—A bequest incapable of taking effect

should be included, under Section 15, Clause C of the Wills Act of 1917, P. L. 403, in the residuary devise or bequest: Gray's Estate, 147 Pa. 67; Gorgas' Estate, 166 Pa. 269.

*F. Cortez Bell,* and with him *Singleton Bell, James P. O'Laughlin* and *Morris L. Silberblatt,* for appellee.

OPINION BY TREXLER, P. J., January 30, 1931:

On December 9, 1927, the testator in a codicil to his last will provided: "After payment of my debts, funeral expenses and taxes, my estate shall be divided into five equal parts; two-fifths thereof shall be held by my executor in trust for the purposes set forth in paragraph (2), viz, for my son Frank Moore and his children as therein set forth; one-fifth shall be paid to Norman Owens, Harry Owens and Clark Owens, children of my sister Elizabeth Owens as set forth in paragraph 3 (a); one-fifth thereof shall be held as provided in paragraph 3 (b) for the benefit of my sister Mary Ellen Bauman and her children; and one-fifth thereof shall be paid to Charles L. Thorp and Julia Thorp in consideration of their board, care and keeping of me during and prior to my illness."

He followed it on the 10th day of April, 1928, with another codicil which reads as follows: "It is my desire that the sum of $2,500 shall first be paid out of my estate and then the balance divided as set forth in my codicil of December 9, 1927." The question before us is the construction of this last codicil.

The auditor and the lower court held that the sum of $2,500 was withdrawn from the estate which is passed by the will and is to be distributed in accordance with the intestate laws. The language of the codicil is plain, but the difficulty presented as urged by the appellant is that there is no one mentioned to whom the money is to be paid, and this being so, he

argues that it must be regarded as a void legacy and therefore to be distributed to the persons mentioned in the first above quoted item as part of the residuary estate; that under Section 15, clause C of the Wills Act of 1917, P. L. 403, a bequest "incapable of taking effect" "shall be included in the residuary devise or bequest if any contained in such will" "unless a contrary contention shall appear by the will."

We must either give effect to the clause in question by considering it as a direction of the testator to exclude $2,500 from the operation of the will and that the testator desired to remain intestate as to this, or hold that the clause is void and that no effect can be given to it. As our desire should be to give effect to the whole will, we prefer to adopt the former view. It will be noticed that the *balance* is to be divided as set forth in the codicil; that is a definite exclusion of the $2,500. To increase this *balance* by the appropriation of the $2,500 is directly contrary to the expressed wish of the testator. Under the construction that we place upon the will, this money will go to his heir under the intestate laws. He does not take by reason of any gift to him directly, but because of the above clause which is in effect a provision that the distribution of testator's estate as provided in the codicil of 1927 shall not apply to the $2,500, but that shall be paid out irrespective of the other legacies. There is no omission of the name of the legatee in the clause, for as stated it does not purport to directly, and in so many words, confer a legacy. The heir takes the sum because at the direction of the testator it is not included in the residuary estate.

The decree of the lower court is affirmed.