Denny's Estate

176

C. W. Van Artsdalen, for exceptants.

Clarence K. Gundaker, of Moore, Gossling & Panfil, contra.

STEARNE, J., December 28, 1934.—We are unanimously in accord with the auditing judge's ruling that this is a residuary clause and that the case is ruled by Adams' Estate, 11 D. & C. 644. As pointed out by Judge Gest in Adams' Estate (p. 645) : ". . . the residue of a testator's estate includes all that he has not otherwise effectively given, Willard's Estate, 68 Pa. 327; Wood's Estate, 13 Dist. R. 195, 209 Pa. 16, and if nothing else is given, the residue means the whole estate after the payment of debts and expenses." Decedent did effectively dispose of her entire estate. She failed, however, to rule out a form of residuary clause thereafter appearing in the printed legal form which she used as the basis to express her testamentary desires. Manifestly, she could not fill in this residuary clause because she had already disposed of her entire estate. The printed clause, not completed, disposed of nothing. We are not persuaded that the omission to fill in the printed form with the names of her residuary devisees and legatees (who had already been given the entire estate) was an indication of testamentary intent to inscribe another residuary clause and, because of the omission to name the residuary beneficiaries therein, to superimpose an additional presumed intent to pass the estate by default to testatrix's next of kin. Despite the earnest argument of counsel for exceptant, our perusal of the entire will negatives any such suggested construction.

Under section 15(c) of the Wills·Act of 1917, lapsed devises and legacies "pass to and . . . [are] divided among the other residuary devisees or legatees, if any there be. . . ." Both residuary legatees predeceased testatrix, one with and one without issue. Exceptants, of next of kin, argue that the words of the act limit such passing and division to surviving residuary devisees and legatees. Such contention is without merit. As pointed out by the commissioners who drafted the Wills Act, and by Judge Gest in Adams' Estate, supra, the section was designed to prevent a lapse where the testatrix intended, as here, not to give the next of kin any interest in her estate. As Judge Gest sagely observes (p. 645) : "The statute should receive a liberal construction whenever the evil appears which it was obviously intended to prevent."

Section 15(b) of the Wills Act of 1917 definitely provides that "no devise or legacy made in favor of a brother or sister . . . shall be deemed or held to lapse or become void by reason of the decease of such devisee or legatee in the lifetime of the testator, if such devisee or legatee shall leave issue surviving the testator. . . ." Nothing in the act appears to exclude residuary devisees or legatees from its operation. While I have been unable to discover a case where all the residuary legatees have predeceased the testator, yet in Connor's Estate, 1 D. & C. 675, where one of the residuary legatees predeceased the testator

without leaving issue, and the estate was consequently passed to the surviving residuary legatee, Judge Gummey said: "it should be remembered, however, that . . . [the deceased residuary legatee] died without issue; his children, if he had left any, would have taken his share under section 15 (a) of the Wills Act of 1917." We see no difference, in principle, between the effect of the death of one such residuary legatee and all of them. The result is the same.

The exceptions are dismissed, and the adjudication is confirmed absolutely.