## Lincoln's Estate.

Argued December 10, 1935.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

146

*Isaac S. Grossman,* for appellants.

*Gordon A. Block,* of *Wolf, Block, Schorr & Solis-Cohen,* for appellee.

OPINION BY BALDRIGE, J., January 31, 1936:

Under the will of Jane Lincoln, dated April 9, 1929, three groups of legatees were created. The legacies in the first group, embraced in items 2 to 16 of the will, amounted to $393,000, of which $325,000 was bequeathed to the appellants. Included in this group was a bequest of $32,000, in trust, the income of which was to be paid to decedent's chauffeur, George Rickard, for life, the remainder to "revert to my residuary estate and be distributed as is hereinafter directed in reference thereto." Item 17 provided: "Should my net estate for distribution be insufficient to pay all the above legacies and the legacies hereinafter given I direct that the legacies above given be paid in full before the payment of any of the legacies hereinafter set forth." This was followed by the second group, consisting of sixteen additional pecuniary bequests. In the thirty-fourth paragraph of her will, she gave all the rest, residue, and remainder of her estate, either personal or mixed, to the appellants, who constituted the third group.

On January 8, 1932, all the parties interested entered

into an agreement, which provided that the assets should be turned over to the trustees for a period of five years and that the legatees of the first group be awarded fifty per cent and those of the second group twenty-five per cent of their legacies, the balance to be held by the trustees pending conversion. The apparent intent of the parties was to conserve the assets of the estate. This agreement, however, specifically excepted the fund under consideration and has no particular significance; it is referred to for historical purposes only. A supplemental adjudication of the executor's account was confirmed nisi, January 28, 1932, and a distribution was awarded in accordance with the agreement of the parties the same day. The fund here for distribution was awarded to the accountants, in trust, for George Rickard, for life. He died on September 6, 1934, and an account was filed, wherein the accountants charged themselves with $16,000, being fifty per cent of the principal sum of the residuary legacy which was awarded to them under the supplemental adjudication.

The question before us is whether the amount for distribution is now awardable to the residuary legatees named in the will or to the legatees mentioned in the first group.

The learned court below held that the appellants do not have a vested remainder in this fund under the residuary clause of the will, and, therefore, are not entitled to share therein, and awarded the sum for distribution to the legatees of the first group on account of the balance due them. With that conclusion we agree. As the adjudicating judge points out, the testatrix "did not bequeath the remainder of this fund to her residuary legatees—nominatim." It is very apparent that her primary purpose, which must control, was that these appellants are to receive any portion of her estate which remains after all the legacies in the first group are paid in full, but not before. We are not left

to conjecture as to this matter as she so stated in definite, unmistakable language. This has not yet been accomplished, and, therefore, there is no residue to be distributed.

Each of these three appeals is dismissed, and the decree of the learned court below is affirmed, at appellants' costs.