## Wilson's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

*Richard V. Zug,* of *Edmonds, Obermayer & Rebmann,* for exceptants.

*Edward B. Hodge,* of *Norris, Bell, Lex, Hart & Eldredge,* contra.

HUNTER, J., June 27, 1947.—The estate of testatrix was not sufficient to pay legacies and annuities in full, and following her death in 1915 there was an abatement, each beneficiary receiving about two thirds on account.

By the fifth item of her will testatrix gave to her trustee "an amount in cash, or in securities sufficient when invested to produce a net income" of $1,020 per annum, in trust, to pay over the said net income in stated amounts aggregating $1,020 to certain indi-

viduals and charities. These annuities, by reason of the deaths of the individual annuitants, are now payable perpetually to the following charities: $420 to the Pennsylvania Society to Protect Children from Cruelty, $300 to the Women's Pennsylvania Society for the Prevention of Cruelty to Animals, and $300 to the Firemen's Pension Fund of Philadelphia. They were reduced to $678.18 in the abatement, and so reduced were capitalized on a three percent basis. The capital sum was successfully invested and yielded income in excess of the abated amounts of the annuities, which excess now amounts to $15,073.52.

The auditing judge awarded the full amount of the annuities as designated by the will to annuitants, and the balance of the accumulated income to residuary legatees, who are two of these institutions, the Pennsylvania Society to Protect Children from Cruelty and the Firemen's Pension Fund of Philadelphia.

Exceptant, the Jefferson Hospital, is a general legatee, and contends that the surplus income should be used to make up abated portions of the general legacies, prior to any distribution to residuary legatees. No exception is taken to the awards to the annuitants to repay their loss by abatement, exceptant believing that it is equitable that the annuitants be the first to benefit. The exceptions are directed only to the awards to residuary legatees.

There are other general legatees who would be equally entitled with exceptant. They include these charitable institutions and seven individuals. The whereabouts of individual legatees is not known to the trustee, and they are believed to be dead.

The ordinary rule accords with the contention of exceptant. Residuary legatees can take nothing until general legacies have been paid, and where there has been an abatement, any sum which thereafter reverts to the estate must first be applied to general legacies:

Lincoln's Estate, 121 Pa. Superior Ct. 145; Haines' Estate, 25 Dist. R. 994.

This case, however, is an anomaly. It is not the familiar instance of an annuity which ceases upon the death of annuitant. These are perpetual annuities and require special treatment. When testatrix directed the setting apart of the capital sum, she made no reference to excess income, and it is unlikely that she contemplated keeping her estate unsettled and the payment in remote times of income to others than annuitants. The practical administration of such trust requires that the entire income, be it little or much, be paid to annuitants, and this we should assume was the intention of testatrix.

When Judge Gummey, in his adjudication in 1917, fixed the capital sum on a three percent basis, he too made no mention of excess income. His finding may be regarded as a valuation of these perpetual annuities, not only for the immediate purposes of abatement with general legacies, but as a determination for all time that the sum be held for the sole benefit of the annuitants. He did not reserve to any other person a contingent right in the principal or income, and his finding must be regarded as res judicata: Henson's Estate, 36 D. & C. 109.

Unfortunate investment or low rate of return may cut down income, and annuitants cannot call on legatees for contribution. The account which bears the losses should profit by the gains.

As pointed out by the present auditing judge, general legatees received their proportionate shares of the estate and have had the full use of their money, and it would therefore be unjust to give them now the benefit of annuitants' share.

By stipulation filed herewith residuary legatees, of whom two are annuitants, agree that all income heretofore accumulated in excess of the amount neces-

sary to make whole the deficiency in amounts received by the three annuitants, and any income hereafter received by the trustee in excess of the full amount of the annuities, shall be divided among annuitants in the following proportions:

Pennsylvania Society to Protect Children
    from Cruelty                          420/1020
The Firemen's Pension Fund of Philadelphia 300/1020
Women's Pennsylvania Society for the Pre-
    vention of Cruelty to Animals         300/1020

The exceptions of the Jefferson Hospital are dismissed, and the adjudication as modified by stipulation is confirmed absolutely.