## Heilman Estate

*Ralph H. Griesemer*, for accountant.

GEARHART, P. J., January 15, 1958. — Emma L. Heilman died testate on November 3, 1956. Her will

dated March 19, 1947, was duly probated on November 20, 1956. Testatrix left no husband or issue to survive her. Her executor has filed the account which is before us for audit.

The sole question presented to the court for adjudication concerns the pecuniary legacy to Bertha Werley, a sister-in-law of testatrix. Bertha Werley died in the lifetime of testatrix and the legacy lapsed.

The balance in hand is insufficient to pay the general pecuniary legatees in full. The 19 pecuniary legacies aggregate $21,000. There is only $13,586.14 available to pay them.

The question is whether the lapsed legacy of $1,000 should be awarded to the residuary legatees or whether it should be distributed to the other pecuniary legatees.

Section 14 of the Wills Act of 1947, 20 PS §180.14, provides, in part:

"Rules of Interpretation—*In the absence of a contrary intent appearing therein,* wills shall be construed as to real and personal estate in accordance with the following rules:

(9) Lapsed and Void Devises and Legacies; Shares not in Residue. A devise or bequest not being part of the residuary estate which shall fail or be void because the beneficiary fails to survive the testator or because it is contrary to law or otherwise incapable of taking effect or which has been revoked by the testator or is undisposed of or is released or disclaimed by the beneficiary, if it shall not pass to the issue of the beneficiary under the provisions of clause (8) hereof, and if *the disposition thereof shall not be otherwise expressly provided for by law,* shall be included in the residuary devise or bequest, if any, contained in the will." (Emphasis supplied)

At first blush it would appear that the above quoted statute covers the situation in hand. However, it is to

be observed that the rules of interpretation shall apply in the absence of a contrary intent appearing in the will. In the instant case the contrary intent does appear. Thus, it is clearly the intention of the testatrix that the 19 pecuniary legacies aggregating $21,000 should be paid in full. The testatrix in clear language, after making the pecuniary bequests, provided:

"Eighth. All the rest, residue and remainder of my estate, I give, devise and bequeath to Blanche Litzenberger, Ira L. Werley, Luther Werley and Ralph Werley, share and share alike."

The residuary legatees take only after the nineteen pecuniary legacies are paid.

A residuary clause has been defined as one which covers all of the estate not disposed of after providing for debts and particular legacies and devises: Shannon v. Reed, 355 Pa. 628, 632; Bricker's Estate, 335 Pa. 300, 303.

Judge Gest in Garrison's Estate, 17 D. & C. 272, 278, quoted from Bentz v. Nieman, 6 Watts 85, as follows:

"A residuary legatee can demand contribution for nothing. He gets but the fragments when every one else has been served; . . . finally, if anything is left he gets it, but no one abates for him because his interest is dependent and indefinite."

The $1,000 in question is part of the $21,000 in pecuniary legacies, and since testatrix gave the residuary legatees only what remained after the payment of the $21,000, this $1,000 should be applied towards the payment of the pecuniary legacies. Putting it another way, it could be said that testatrix withheld $21,000 of the estate funds from the residuary estate: Wood's Estate, 209 Pa. 16, 18, 19; Estate of John Moore, 101 Pa. Superior Ct. 39, 41.

The payment of $1,000 to the residuary legatees would clearly collide with the intent of testatrix. As

pointed out, the residuary legatees receive nothing until the pecuniary legacies are paid in full: Ferguson's Estate, 138 Pa. 208, 220.

We might stop here and rest our decision on the intent of testatrix as found in the will. However, there is still another reason why section 14 of the Wills Act of 1947 is not applicable, and that is because section 14(9) gives the lapsed legacy to the residuary legatees only in the instance where "the disposition thereof shall not be otherwise expressly provided for by law."

Turning to the Fiduciaries Act of April 18, 1949, P. L. 512, art. VII, sec. 751, 20 PS §320.751, we find that the law does provide for the disposition of a pecuniary legacy which lapses under the circumstances here present. This section of the Fiduciaries Act provides that except as otherwise provided by the will, if the assets are insufficient to pay the distributees in full, the shares of the distributees, without distinction between real and personal estate, shall take priority of distribution in the order enumerated.

The order as set forth in section 751 is, in part, as follows:

"1. Property specifically devised or bequeathed to or for the benefit of the surviving spouse; ...

"5. Property disposed of by general devise or bequest and not included in a residuary clause;

"6. Property devised or bequeathed in a residuary clause."

Under the act just quoted, since the funds are insufficient to pay all the general pecuniary legatees, the latter must be paid before the residuary legatees.

Summarizing, the pecuniary legatees are entitled to the $1,000 under either of two theories: (1) That section 14(9) is not applicable here because testatrix has indicated a "contrary intent"; (2) that the disposition of the lapsed legacy has been "otherwise expressly pro-

vided for by law": Section 751 of the Fiduciaries Act, 20 PS §320.751.

Surprisingly enough, neither counsel nor the court has been able to find a case wherein the facts are exactly as stated herein. However, the rationale on which this decision is partly predicated is discussed in the following: Page on Wills, Lifetime Ed., vol. 4, §1497; Page on Wills, Lifetime Ed., vol. 3, §1004; 101 A.L.R. 704; Bregy on Intestate, Wills and Estates Acts of 1947, p. 3302, 3310; Lincoln's Estate, 121 Pa. Superior Ct. 145; Meetkirk's Estate, 118 Pa. Superior Ct. 562, 569; Estate of John Moore, 101 Pa. Superior Ct. 39, 41; Greaves's Estate, 29 Dist. R. 577; Vance's Estate, 141 Pa. 201, 212, 213.