517 A.2d 1358

In re the ESTATE OF Irene Lehman FREYE, Deceased.

Appeal of EASTER SEAL SOCIETY OF ALLEGHENY COUN-
TY, Home for Crippled Children and Western Pennsylvania
School for Blind Children (the "Charities").

Superior Court of Pennsylvania.

Argued June 26, 1986.

Filed Nov. 18, 1986.

Pasquale D. Gentile, Jr., Pittsburgh, for appellant.

Before BROSKY, DEL SOLE and MONTGOMERY, JJ.

DEL SOLE, Judge:

Irene Lehman Freye, the decedent, died on November 8, 1978. Letters Testamentary were granted to Mellon Bank, N.A. as Executor under Mrs. Freye's Will and Codicil. Her Will and Codicil bequeathed the sum of $7,500 to each of six individuals (the Pecuniary Legatees), who are the Appellees in this case. Her residuary estate was left to three charitable organizations; the Allegheny County Society for Crippled Children and Adults, (now the Easter Seal Society of Allegheny County), the Home for Crippled Children, (now the Rehabilitation Institute of Pittsburgh), and the Western Pennsylvania School for Blind Children who are the Appellants.

This matter came before the Orphan's Court of Allegheny County as a result of a request made by the Executor, Mellon Bank, at the time of audit, to determine whether the pecuniary legatees should receive the remaining balance of income and principal, or whether the residuary charities should be awarded the bulk of the interest. The Executor's Petition for Disbursement states an income balance of $23,099.72 and principal in the amount of $10,371.28. The Orphan's Court issued an Order of Court and Memorandum Opinion holding that the entire balance for distribution in Mrs. Freye's estate, principal and income, shall be distribut-

ed to the six pecuniary legatees and that nothing shall be distributed to the residuary charities.

Exceptions were filed by the residuary charities. The Orphan's Court En Banc, issued an Order dismissing the exceptions and affirming the Opinion and Order.

■ The Residuary Charities' appeal from the trial court's Order is now before us for disposition. In considering Appellant's arguments, we note that our scope of review on appeal from a decree entered by the Orphan's Court is extremely narrow; a decree will be modified only if it is not supported by competent or sufficient evidence, if an error of law has occurred, or if the trial court abused its discretion. *In Re Estate of Fike,* 351 Pa.Super. 380, 506 A.2d 398 (1986). With these guidelines before us, we address the arguments advanced by the parties.

The sole issue to be resolved is whether under the Probate, Estate and Fiduciaries Code, (PEFC) if the aggregate of all principal and income in an estate is insufficient to satisfy the pecuniary legacies, can there be any fund for distribution to residuary legatees.

Appellants contend that § 3543(a) and (d) of the PEFC control this case. 20 Pa.C.S.A. 3543(a) and (d) state:

(a) Pecuniary legacy.—A pecuniary legacy bequeathed in trust shall bear interest at the rate of 5% per annum from the death of the decedent until the payment of the legacy, and when not in trust shall bear interest at the rate 5% per annum from one year after the death of the decedent until the payment of the legacy.

(d) Residuary legacy or devise.—All income from real and personal estate earned during the period of administration and not payable to others shall be distributed pro rata among the income beneficiaries of any trust created out of the residuary estate.

The Appellants do not dispute that the amount of statutory interest is properly payable to the pecuniary legatees. The proper distribution of the balance of the income is in dispute. They claim that the fact that no principal remains

to be distributed to the residuary beneficiaries does not mean that their interests in the income are extinguished. The pecuniary legatees claim that the excess income should be distributed to them since there is not sufficient principal in the estate to fully satisfy the pecuniary legacies given to them under Mrs. Freye's Will and Codicil. In support of their position they assert that in a case such as this, that under the principle of abatement, 20 Pa.C.S.A. § 3543, regarding the statutory rate of interest of legacies, has no application, and 20 Pa.C.S.A. § 3541 controls. This section states:

§ 3541. Order of abatement.

(a) General Rules.—Except as otherwise provided by the will, if the assets are insufficient to pay all claimants and distributees in full, the share of distributees, without distinction between real and personal estate, shall have priority of distribution in the following order:

(1) Property specifically devised or bequeathed to or for the benefit of the surviving spouse.

(2) Property specifically devised or bequeathed to or for the benefit of the decedent's issue.

(3) Property specifically devised or bequeathed to or for the benefit of other distributees.

(4) Property disposed of by will in the form of a general bequest of cash, stocks and bonds.

(5) Property disposed of by general devise or bequest and not included in a residuary clause.

(6) Property devised or bequeathed in a residuary clause.

(7) Property not disposed of by the will.

The Appellants cite in support of their contentions the holding of this Court in *In the Matter of Trust B Under the Charles F. Passmore Agreement of Trust,* 332 Pa.Super. 584, 481 A.2d 943 (1984). The Passmore Trust instrument provided: "Upon the death of settlor's wife, the trustee shall pay from Trust B the sum of twenty-five thousand ($25,000.00), but not more than one-sixth of the total then held in Trust A and Trust B after payment of all debts,

expenses and taxes in the estate of the settlor, to the Lutheran Church ... and a like amount to the Home of the Friendless...." *Passmore Trust*, 332 Pa.Superior Ct. at 586, 481 A.2d at 945. The trust instrument went on to provide that "the balance held in Trust B shall then be distributed equally among those of the following who survive settlor's wife ..." and named ten persons to take the residue of Trust B, of whom only seven (7) survived settlors's wife. *Passmore Trust*, 332 Pa.Superior Ct. at 586, 481 A.2d at 945. At the time for distribution, the amount in Trust B was insufficient to distribute $25,000.00 each to the Church and the Home. The lower court decreed distribution to each of them in the amount of "one-sixth of the total then held in Trust A and Trust B" along with the applicable statutory interest on each amount, according to the mandated alternative in the instrument, determining that each of them were pecuniary beneficiaries. This Court affirmed.

The Trial Court found *Passmore Trust* distinguishable from the case at hand in that *Passmore* did not involve an abatement. So long as there were funds held in Trust B, which there were, there could not be any abatement of the pecuniary gifts to the Church and the Home because of the mandated alternative "but not more than one-sixth...." Since there was no abatement in Passmore, the court's award of statutory interest to the Appellants in that case, has no bearing on the results of the case before us.

■ The law is well settled that where the principal of an estate is insufficient to pay pecuniary legacies given by the testator, the deficiency must be made good so far as possible from income, as against any claim thereto by the persons otherwise entitled. *Bennett's Estate*, 29 Pa.D. 148 (O.C.Phila.Co.1912). "... [T]he beneficial heirs cannot, as against the donees of definite amounts, be entitled to income or interest, upon a non-existent fund". *Garrison's Estate*, 17 Pa.D. & C. 272, 279 (1933).

A residuary legatee can demand contribution for nothing. He gets but the fragments when everyone else has been served; ... finally, if anything is left he gets it, but no

abates for him because his interest is dependent and indefinite.

*Butz v. Neiman,* 6 Watts 85; *Garrison's Estate,* 17 Pa.D. & C. 272, 278 (1933); *Heilman Estate,* 13 Pa.D. & C.2d 440, 442 (1958).

■ In this case, the legacies must abate because there are insufficient funds. The fact of no residuary estate is established with simplicity. The total combined balance of principal and income remaining in the hands of fiduciary, Mellon Bank N.A., as of its Second and Final Account dated November 13, 1984, was $33,094.13 and the total Balance for Distribution stated in the Decree of the Orphans' Court Division was $36,094.13. Accordingly, since the pecuniary legatees are entitled to a total amount of $45,000.00 there exists a deficiency or abatement of approximately $9,000.00. Therefore, there is not any residue and as such 20 Pa.C.S.A. § 3543 regarding the interest or income on distributive shares is inapplicable. *Tose Estate,* 98 Montgomery County Law Reporter 97 (1974) aff'd. 482 Pa. 212, 393 A.2d 629 (1979).

In cases of this nature, the intention of the testator shall govern whenever that intention is expressly manifested, and is not in conflict with established principles of law. *In Re Estate of Fike,* 351 Pa.Super. 380, 506 A.2d 398 (1986); *Thompson's Estate,* 229 Pa. 542, 79 A. 173 (1911). Mrs. Freye intended to leave the six pecuniary legatees $7,500.00 apiece, and then if any other money remained, those funds were to go to the residuary charities. In cases where there are insufficient assets to pay all claimants and distributees in full, the rules of abatement must be applied. Therefore, according to 20 Pa.C.S.A. § 3541, property disposed of by general devise takes before property bequeathed in a residuary clause.

The decree of the Orphan's Court Division of the Court of Common Pleas of Allegheny County, ordering that the balance for distribution in this estate which includes princi-

pal and income, be divided between the six pecuniary legatees equally is affirmed.

Order affirmed.