Kennedy, J.,
delivered the opinion of the Court.
David Woolmer, the testator in this case, among other things, by his last will and testament, bequeathed to the domestic secretary and treasurer for the time being, of the Foreign Missionary Society, the sum of one thousand dollars, for the use of the said society, to be paid within one year after his decease. After making this bequest, as also several others, he then gave the residue of his estate, real, personal and mixed, as follows, to wit, one fourth-part thereof to his sister Mary Pennock, her heirs and assigns forever; one other fourth-part thereof to his sister Edith Fronfield, her heirs and assigns forever: and the remaining two-fourth parts thereof, he ordered and directed his executors therein-after named, to place out at interest on good security, and the interest accruing from one of these last two-fourth parts, he gave to his sister Catharine High, for and during the term of her natural life, to be paid to her annually; and if her husband, Henry High, should survive her, then the interest thereof to be paid to him in like manner during his natural life; and after the decease of the survivor of them, he bequeathed the principal thereof to the children, of his said sister Catharine, and their legal representatives, to be paid and divided equally among them, share and share alike. And the interest arising from the remaining fourth-part of the residue of his estate, he gave and bequeathed to his brother Philip Woolmer, during the term of his natural life, to be paid to him annually; and if his wife should survive him, then the interest thereof to be paid to her during her life; and after the decease of the survivor of them, he bequeathed the principal thereof to the children of his said brother Philip Woolmer, or their legal representatives, to be paid and divided equally among them, share and share alike.
But it appears that there was no such society as “-The Foreign Missionary Society,” to whom the legacy of one thousand dollars was bequeathed; and, consequently, the will, as to the design of the testator in this respect, was inoperative, and could not possibly take effect. The next of kin of the testator, conceiving, for this reason, that the testator was to be considered as having died intestate pro tanto, of his estate, presented their petition to the Orphans’ *Court, laying claim thereto; and that the amount thereof should be to them, which was accordingly decreed and ordered by the Court.
From this decree an appeal has been taken to this Court, on *480 behalf of the residuary legatees, who also claim the thousand dollars as having fallen into the residuum of the testator’s estate; and, that as a part of the same, they are entitled to receive their respective interests and proportions thereof according to the directions and provisions of the will.
The Foreign Missionary Society named in the will, as the legatee of the thousand dollars, having no existence either at the time of making the will, or at the death of the testator, when it took effect, it is very evident that the bequest from first to last, must be regarded as wholly inoperative. It would therefore seem to be a case, as strong at least, if not more so, in favour of the thousand dollars falling into and forming a part of the residue of the testator’s estate, than if it had been given to a person in being, at the time of making the will, who had died afterwards in the lifetime of the testator. The latter case would have been what is strictly called a lapsed legacy; and according to all the authorities or decisions on the point, would have fallen into the general residue, and consequently, would have belonged to the persons entitled thereto under the residuary bequest in the will. The rule in regard to this, as laid down by Mr. Roper, (1 Roper on Legacies, 338, ch. 8, sec. 6,) is in the following words: “ When the lapse is of a general or specific legacy, it falls into the general residue, and consequently, belongs to the person entitled to that fund by the gift of the testator. If, then, a residuary legatee be named, he will take the lapsed legacy in that character.” In support of this doctrine, he cites the cases of Roberts v. Cooke, (16 Ves. 451); Leake v. Robinson, (2 Meriv. 393); and Humberstone v. Stanton, (1 Ves. & Beam. 388,) which seem to sustain it fully. The cases also, of Brown v. Riggs, (4 Ves. 708,) and Shanley v. Baker, (Id. 732,) may be added; where it was held that the residuary legatee was entitled to all the estate, that was not perfectly well disposed of. In Leake v. Robinson, (2 Meriv. 392, 393,) Sir- William Grant, Master of the Bolls, say: — “ I have always understood, that with regard to personal estate, every thing which is ill given by the will, does fall into the residue; and it must be a very peculiar case indeed, in which there can at once be a residuary clause and a partial intestacy, unless some part of the residue itself be illgiven. It is immaterial how it happens, that any part of the property is undisposed of, — whether by the death of a legatee, or by the remoteness, and consequent illegality of the bequest; either way it is residue, i. e. something upon which no other disposition of the will effectually operates.” It may be noticed here, that Sir William Grant excepts from the operation of the rule, the case where some part of the residue itself is ill given: *481 *an<^ accordingly Sir Tbonaas Plnmer, in Serymsher Northcote, (1 Swanst. 566,) ruled tbat the next of kin were entitled to it. In support of this principle, that if a gift some portion of the residue itself fails, where it is given in several distinct shares, the share so failing, will not accrue to the remaining shares, but belongs to the next of kin as undisposed of, see Bagwell v. Dry, (1 P. Wms. 700,) and the cases cited in the margin by Serjeant Cox, which clearly go to establish it.
But it is very obvious from all the cases on the subject, that the thousand dollars being personal estate, the next of kin can, as such, have no right or claim whatever to any portion of it. It having been ineffectually disposed of, it is therefore to be considered as part of the residue of the estate, and as «passing under the residuary clause in the will, to those entitled to receive that fund. The decree of the Orphans’ Court is therefore reversed.
Decree reversed.
Cited by Counsel, 9 Barr, 379; 12 Wright, 503 ; 10 P. F. Smith, 276.
■See also 8 Wright, 489.