## Harvey's Estate.

*Wills—Legacy to deceased person—Wills Act, 1917, sect. 15 (c)—Residuary estate.*

1. A legacy to a person deceased at the time of the making of the will is void *ab initio*, as being incapable of taking effect.

2. Such void legacy passes to the residuary legatees under section 15 (c) of the Wills Act of June 7, 1917, P. L. 403.

3. Where testatrix bequeathed her residuary estate in equal shares to three cousins, one of whom had died before the date of the will, the residue of the estate will be divided equally between the two surviving.

Exceptions to auditor's report. O. C. Bucks Co., April T., 1923.

*Henry T. Williams*, for exceptants; *Boyer & Vanartsdalen*, for estate.

RYAN, P. J., Aug. 6, 1923.—The auditor finds, *inter alia*, that the decedent died on Jan. 14, 1922, leaving a will dated July 27, 1920, in which she named as her residuary legatees Mary A. Goss, Joel S. Shearer and Benjamin F. Shearer. The said Mary A. Goss was her first cousin and was then deceased, having died on May 14, 1917, not only in the lifetime of the testatrix, but before she made her will. The auditor finds that the legacy to Mary A. Goss lapsed, and distributes it to the remaining residuary legatees, Joel S. Shearer and Benjamin F. Shearer, in equal proportions. To this distribution, the heirs of Mary A. Goss, deceased, except. We concur in the learned auditor's conclusion that the legacy to the said Mary A. Goss, deceased, falls into the residue, to be distributed to the remaining residuary legatees. We are of the opinion, however, that, as she was dead at the time the testatrix made her will, the legacy was void *ad initio*. A lapsed legacy is one which, in consequence of the death of the legatee before the testator or before the period of vesting, has never vested: 2 Bouvier's Law Dictionary, Title Legacy, 1900. A void legacy is one incapable from the beginning of taking effect, as, for instance, a bequest to a corporation that does not exist (see Woolmer's Estate, 3 Wh. 477), or, as in the instant case, to a person then deceased; but whether a lapsed or void legacy, it passes to the residuary legatees, under the provisions of section 15 *(c)*, "unless a contrary intention shall appear by the will." We are unable to discover any evidence of such intention in this will. The exceptants contend that the words "the heirs of" (Mary A. Goss) should be read into the instrument, but there is nothing in it to justify such an interpretation. Apparently the testatrix did not know of the death of Mary A. Goss. As the auditor does not find it as a fact that she did, we infer that no evidence to that effect was produced before him. She made a bequest for which the section of the Wills Act above cited makes provision. The whole section is as follows:

4 D. & C.

Harvey's Estate.

"Unless a contrary intention shall appear by the will, such real or personal estate or interests therein as shall be comprised or intended to be comprised in any devise or bequest in such will contained, which shall fail or be void by reason of the death of the devisee or legatee in the lifetime of the testator, or by reason of such devise or bequest being contrary to law or otherwise incapable of taking effect, or which shall be revoked by the testator, shall be included in the residuary devise or bequest, if any, contained in such will. In any case where such devise or bequest, which shall fail or be void or shall be revoked as aforesaid, shall be contained in the residuary clause of such will, it shall pass to and be divided among the other residuary devisees or legatees, if any there be, in proportion to their respective interests in such residue."

The testatrix's bequest to Mary A. Goss is within that class of legacies referred to as void because "incapable of taking effect." It passes to and must be divided among the other residuary legatees.

And now, to wit, Aug. 6, 1923, the exceptions are dismissed, at the cost of the exceptants and the report is confirmed absolutely.