Cheshire,
Feb. 7, 1933.

FLORENCE M. HASTINGS & a, *Ex'rs*

*v.*

HARRISON G. BRIDGE & a.

*Roy M. Pickard,* for the executors.

*McLane, Davis & Carleton,* by brief for Bridge.

PEASLEE, C. J.   The request for instructions relates solely to the articles described in the "letter or memorandum which I shall leave addressed to her."   The document referred to was disallowed when offered for probate as a part of the will and no appeal from that decree was taken.   The inquiry is whether these articles go to the party who was to distribute them if the testatrix's plan had been made effective, or whether they go to the residuary legatee or pass as intestate estate.   As the case states that the assets are not sufficient to pay the pecuniary legacies in full, any issue between the residuary legatee and the statutory distributee of intestate estate is immaterial.

The will contains no evidence of any purpose to give these articles to Mrs. Hastings.   She was merely the agent selected by the testatrix to carry out the latter's wishes.   This is quite conclusively shown by the alternative provision that another should perform that duty in the event that Mrs. Hastings predeceased the testatrix.

The executors are advised that the property in question is a part of the estate subject to sale for the purpose of raising funds to pay legacies.

No question has been presented as to Mrs. Hastings' title to other property of the classes mentioned in the paragraph under consideration.   By the terms of the will all such property not mentioned in the memorandum went to her.

Whether the memorandum, although ineffective as a testamentary disposition of the articles therein described, was yet a sufficient limitation of what should go to Mrs. Hastings, so that she would take the articles not so described, is a question as to which the executors have not asked for instructions and upon which no opinion is expressed.

*Case discharged.*

All concurred.