Cheshire, }
May 2, 1933. }

FLORENCE M. HASTINGS & a, Ex'rs

*v.*

HARRISON G. BRIDGE & a.

*Roy M. Pickard,* for the plaintiffs.

*McLane, Davis & Carleton,* for the defendants.

PEASLEE, C. J. All testamentary acts must be evidenced as the statute requires. It is true that in many ways a testator may alter the effect of his will by acts done subsequently to its execution. A gift of all his lands in the town of A or of all his stock in a certain corporation may be increased or diminished by purchases or sales of the described property. But such transactions are not testamentary acts. They merely place certain property within the description contained in the will.

This theory has frequently been given application to extreme cases. Bequests, for example, of the contents of a certain box have always been sustained. While there has been frequent contest over the issue whether mere evidences of title, like notes, bonds and certificates of stock, would pass under such description, the difficulty encountered has not been found in the matter of location but in the nature of the documents. Being mere evidences of title rather than property in the more tangible sense, it has frequently been held that they did not pass in the absence of further evidence that such was the testator's intent. But as to tangible personal property, described in this way, the bequests appear to have always been upheld. The authorities are collected in 40 Cyc. 1552.

It is manifest that such holdings give a testator a wide range of power to alter the destination of property passing under his will, without doing any testamentary act. If he had ten boxes numbered consecutively, and willed the contents of each to a different legatee, he could cut down or increase their respective takings at pleasure. In this way the purpose of the statute of wills can be evaded to a large degree.

This objection to the validity of such acts, has, however, rarely been noticed. It is commented on in but two cases which have come to our attention. Both are of comparatively recent date. In one of them the bequest was upheld, despite the court's view of the dangerous nature of the procedure. *In Re Robson,* [1891] 2 Ch. 559. In the other the case was disposed of on different grounds. *Parrott* v. *Avery,* 159 Mass. 594.

We have no cases in this state endorsing this doctrine. This may be due to the idea that no lawyer "has been bold enough to risk the experiment." *Phelps* v. *Robbins,* 40 Conn. 250. The only one found approaching the question takes care to state, both in facts and opinion, a compliance with a much narrower rule. The note was endorsed and put in the trunk before the will was made. *Lock* v. *Noyes,* 9 N. H. 430.

Granting that the theory of the cases is good law, it should be kept within bounds. Where some act of the testator, in itself testamentary in character, is required to complete a gift by will, that act should be evidenced in the manner prescribed by the statute of wills. Such a situation is presented here. It is not a question of description of property by kind, location, ownership, or other characteristic. The description relates to what the testator has done with it in a testamentary way. The will plainly contemplated that the memorandum was to be a valid disposition of property—a part of the will. Since there is no such document, a less formal one cannot supply the deficiency in the will, nor affect the disposition made by the will. It is plain that a bequest could not be either created or increased by such a document. No more can an incomplete gift be made complete thereby. Had the testatrix provided that Mrs. Hastings have all the testatrix's personal belongings except such as she should by word of mouth direct should be otherwise disposed of after her death, such direction would not complete the will.

The distinction lies between future acts which may or may not affect the location, etc. of property, and words which are by the terms of the will made necessary to its completion. In the latter class the subsequent verbal act is testamentary.

A valid testament includes two essential elements. There must be a sufficient designation of the beneficiary and of the property given to him. If either is in terms left to future designation the will is incomplete and ineffective. While future acts may determine what is within the designation contained in the will, the designation cannot be altered or created in that way, unless the provisions of the statute of wills are complied with. It is for this reason that it is uniformly held that a document referred to in the will for further direction as to the disposition of the estate must be in existence when the will is made, and must be made a part thereof by a sufficient identifying description contained therein; "For a testator cannot reserve to himself the power to modify a will by a written instrument subsequently prepared and not executed in the manner required by the statute of wills." 28 R. C. L. 113; *Bryan's Appeal*, 77 Conn, 240; s. c. 68 L. R. A. 353, and note extensively reviewing the authorities.

In the present case the description of what is to go to Mrs. Hastings is incomplete. If no memorandum had been made it could not be ascertained what the testatrix intended to give her. Manifestly there was no intent to give her the whole, and no separation having been made the whole clause would be ineffective. Unless

some further act of designation were performed there was no gift.

The case for Mrs. Hastings rests solely upon the testatrix's declaration, made subsequently to the execution of the will, that certain property was the portion she gave to others. Nothing was done to or with any property to bring it within a description contained in the will. The whole case comes to this: The testatrix said in her will, "I give Mrs. Hastings that part which I do not give to some one else," or, as more directly applying to her, "such part as I do not subsequently say she shall not have." The designation is incomplete. It could not be completed by any dealing with property, by buying, selling, changing location or the like, so as to bring it within the terms stated in the will. It seems illogical to say that while such a memorandum as that involved here cannot be used to prove a testamentary gift it may be used to show what is not so given, and thus make the gift valid.

The law relating to cancelation of items in a will has no application. That relates solely to dealing with the will in a physical way. If it be undertaken through a separate document, there must be an execution according to the statute of wills. P. L., c. 297, s. 13; *Morey* v. *Sohier*, 63 N. H. 507.

The argument advanced against these conclusions is ingenious and logical. But its logic is only an argument against the desirability of the statute of wills. The cases as to location etc. of property have gone quite far enough in undermining that statute. A line must be drawn somewhere; and a limit which excludes subsequent words, which stand alone, from the category of descriptive acts is fully as far as we ought to go. The description must be in the will. That contained in this will is on its face insufficient. By its very terms it is incomplete. Nothing could complete it except subsequent words uttered by the testatrix.

The matter is well summed up by Professor Evans in an excellent article dealing with this subject. This is his test for the validity of subsequent identification. "The means so provided should not be any act whose sole or chief purpose is that of complementing the will. It should have the force and effect of an independent legal transaction." 25 Col. Law Rev. 902.

The executors are advised that Mrs. Hastings takes nothing under the paragraph of the will involved in this controversy, and that all of the property therein described becomes a part of the general estate not specifically bequeathed.

*Case discharged.*

All concurred.