## Bricker's Estate.

Argued May 24, 1939. Before KEPHART, C. J., SCHAF-FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Walter R. Sohn,* of *Braddock & Sohn,* with him *William C. Fry,* for appellants.

*William H. Neely,* with him *Truscott, Trinkle & Wright,* for appellee.

OPINION BY MR. JUSTICE STERN, June 19, 1939:

The sole question is whether decedent's will contains a residuary clause.

Some of the bequests are to charities, and, as testator died within a month after the execution of the will, these gifts will fall into the residuary estate if there is one; otherwise they will go to the next of kin (Act of June 7, 1917, P. L. 403, sec. 15 (c)). A nephew of testator, not named as a beneficiary in the will, presented to the orphans' court a petition for a citation upon the executor to show cause why an account should not be filed. This he had a right to do only if he has

an interest in the estate (Act of June 7, 1917, P. L. 447, sec. 46 (a)). The court below held that the will did not contain a residuary clause, that the void charitable bequests go to the next of kin, and that the petitioner therefore had a standing to cite the executor to file an account, which the court accordingly ordered the executor to do. Two of the beneficiaries named in what they allege to be the residuary clause were allowed by the court to intervene, and now appeal from the court's order.

The will is made up of numbered sections, the contents of which may be summarized as follows:

1. Debts and funeral expenses to be paid by the executor.
2. All real estate except property 1734 North 6th Street, Harrisburg, (which was the home of testator and his wife), to be sold upon his decease.
3. "I direct that the proceeds from the sale of property with all other moneys or stocks shall be invested by my executor," and the income paid to testator's wife for and during her life.
4. Upon the death of the wife various sums of money to be given to certain named persons and corporations, some of them charities.
5. "The *balance,* if any, to be divided into ten equal parts between" ten named persons.
   On the death of the wife the property 1734 North 6th Street to be sold by the executor and the proceeds divided among three named charities.
6. In the event of the death of any of the beneficiaries named in the fifth paragraph, prior to the death of the wife, their shares to go to the others.

"Lastly." The appointment of the executor.

It is the contention of appellants that the first part of the fifth paragraph constitutes a residuary clause, while appellee contends that it bequeaths the balance only of a portion of the estate. We are of opinion that the court below was in error in adopting the latter view.

A residuary clause is one which covers all of the estate not disposed of after providing for debts and particular legacies and devises. No technical mode of expression is necessary to constitute such a clause. "Balance" is the vernacular for the legal phrase "rest, residue and remainder": see *Thompson's Estate*, 237 Pa. 165, 169; *Taylor's Estate*, 239 Pa. 153, 163. The word "balance" in the fifth paragraph of this will must be interpreted as meaning "balance *of the estate*," there being no reason why it should be restricted to the balance of the fund derived from the items mentioned in the third paragraph: see *In re Hayes' Will*, 263 N. Y. 219, 188 N. E. 716. Whatever ambiguity exists must be resolved in accordance with the principle that a broad rather than a narrow construction of a residuary clause is favored in order to avoid intestacy, it being presumed that a testator intends to dispose of his whole estate: *Fuller's Estate*, 225 Pa. 626, 629; *Carson's Estate*, 130 Pa. Superior Ct. 133, 138.

If the alternative construction of the word "balance" is adopted, the result in effect is nevertheless the same, for even though it be limited to the items in paragraph 3, those items themselves constitute the balance of the estate, and paragraph 5 then provides for a final or ultimate residue, as in *Carson's Estate*, 130 Pa. Superior Ct. 133. The proceeds from the sale of the properties referred to in the third paragraph "with all other moneys or stocks" make up the entire estate other than the 6th Street property, as the word "moneys" in its popular sense includes property of every description: *Jacobs' Estate*, 140 Pa. 268, 274; *Ingham's Estate*, 315 Pa. 293, 295, 296. It is of no interpretive significance that after the disposition of the "balance" there follows a bequest of the proceeds of the 6th Street property, because the position of the residuary clause is immaterial; it need not be the last of the dispositive provisions of the will. " 'The residue' of a man's estate, in testamentary language, means whatever is not specifi-

cally devised or bequeathed, and in whatever part of a will it may happen to be found it ought to have that meaning, unless the whole will taken together shows clearly that it was not so intended. . . . If a man were to begin his will with a bequest or devise of all his residuary estate, and then proceed to make various bequests and devises, it would not vary the proper construction of either": *Willard's Estate,* 68 Pa. 327, 332; *Cornelia R. Sproul's Appeal,* 105 Pa. 438, 441; *Taylor's Estate,* 239 Pa. 153, 163; *Shaw's Estate,* 326 Pa. 456, 462; *Carson's Estate,* 130 Pa. Superior Ct. 133, 140. The court below apparently labored under the impression that the first part of paragraph 5 did not deal with the balance of the entire estate because it did not include the proceeds of the sale of the 6th Street property and was therefore the balance only of a portion of the estate, but this view overlooks the fact that the proceeds of 1734 North 6th Street were bequeathed specifically to three named legatees, and, of course, the residuary clause in every will disposes only of the balance of the estate not covered by particular legacies or devises. Had the clause concerning this property been placed in the fourth paragraph, ahead of the residuary clause, where it more properly belongs, confusion would no doubt have been avoided.

We find nothing in the will which indicates that the residuary legatees were not to become entitled to that which the law grants them where the will does not provide otherwise, namely, the right to share among themselves the invalidated charitable bequests. No doubt testator did not anticipate the happening of this contingency, but, in the absence of an expression on his part of a contrary intention, they, and not the next of kin, are the persons entitled.

The order of the court below is reversed; costs to be paid by appellee.