Haak's Estate.

Argued May 20, 1940; reargued January 14, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Harry A. Honker,* with him *George F. Lowenthal,* for appellant.

*E. D. Siegrist,* with him *James R. Koller,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, January 31, 1941:

This appeal is from a decree of the orphans' court determining that appellants have no standing, as heirs at law of Elmer L. Haak, deceased, to file exceptions to the first and partial account of the decedent's widow and administratrix c.t.a. The propriety of the decree depends solely upon the interpretation to be given the provisions of the decedent's will relating to the disposition of that part of his estate not given to the widow.

Elmer L. Haak, a lumber dealer, died August 24, 1936, leaving to survive him his widow, Annie R. Haak, and collateral relatives consisting of one uncle and twenty-one cousins. The instrument which was duly probated as the decedent's last will and testament was in the form of a letter, addressed to the widow, and was dated January 4, 1936. After providing that the widow should share only "as the Law provides as if there were no Will, to avoid all discrepancy", the will provides that "the distributing half" should be divided as testator "will enter off and on in a book in this desk, and whatever writings you may find, to relatives etc.", and further that "If any remains, to be divided equally among Mary Leob and the yard employees who were in my employ at least two years at my death". With this instrument were offered for probate two sheets out of an

account book containing memoranda, in testator's hand-writing, consisting of a list of relatives and others, set against most of which were notations of various sums, the total of which approximates the whole of the half of the estate not given the widow. Probate of these memoranda sheets was disallowed and no appeal was taken from that decree.

At the audit of the account filed by the widow-administratrix in the court below, Mary Leob and the qualifying yard employees claimed that, in the absence of an effective disposition in favor of relatives, they were entitled to everything not given the widow; the collateral relatives, among whom are the appellants, resisted this claim, contending that there was an intestacy as to the "distributing half" and that they were entitled, as testator's heirs at law, under the intestate laws. The court below decided in favor of the former, and this appeal followed.

In deciding that Mary Leob and the yard employees were entitled to everything not given to the widow the court below said: "It is undoubtedly true that the testator had in mind at the making of the will an intention to provide for 'relatives' as he intended to enter in a book in his desk and possibly other writings but there is no evidence to warrant the inference that he ever made such provision and therefore the residuary clause is operative and under its provisions the residuary legatees are entitled to one-half of the estate. The testator made this will with the Wills Act of 1917 staring him in the face and when he inserted the residuary clause he must be deemed to have comprehended the beneficiaries thereunder were entitled to whatever part of the estate he had not disposed of in his will". In so holding the learned court below fell into error, the root of which lies in the assumption that the provision "If any remains, to be divided equally among Mary Leob and the yard employees", etc., is a true residuary provision.

A residuary clause is one the language of which, when read in connection with the will as a whole, fairly manifests an intention to make disposition of everything which testator has not otherwise disposed of *by the will of which it forms a part.* If such intention is manifested, the provision will be given effect as a residuary clause, however technically inappropriate the language used may be and irrespective of its position with relation to the other provisions of the will. See *Bricker's Estate,* 335 Pa. 300, and cases there cited. The plain words of the provision here under consideration, when read in connection with the other provisions of the will, manifest no such intention. The provision expresses merely a purpose to give Mary Leob and the yard employees such part of the "distributing half", if anything at all, as testator did not give to "relatives, etc." *by a writing or writings thereafter to be executed.* Unlike a true residuary clause, which is presently dispositive of everything not otherwise disposed of, such a provision is dispositive of nothing. No writings such as it is to be assumed were contemplated by the will, i. e., writings capable of operating as valid testamentary dispositions of property in favor of relatives, having been found, the situation here presented is not different in its legal aspects from that dealt with in *Jerningham v. Herbert,* 4 Russ. 388. There testatrix gave such of her jewels as should, at her death, be deposited in her jewel box at Messrs. R., to persons whose names should be found written on a paper contained in the box and bequeathed "all the rest" to her daughter. Two years before her death testatrix became the subject of a commission of lunacy and no jewel box was then, or at the date of her will, or at her death, deposited at Messrs. R. It was held that the will contained no present gift of the jewels, but referred to a future act to be done by the testatrix in order to complete her gift, and that, this future act being prevented by the subsequent lunacy, the intended gift of the jewels wholly failed. The rule

of that case is well stated in 1 Jarman on Wills (7th Ed.), at page 442, as follows: "If the words are such as to point to a division into parts, and to amount to a gift of the individual parts, then, if one of the parts cannot be ascertained, the legatee of the other part is necessarily disappointed, since his part is undetermined, and the words are not sufficient to carry the whole to him".

Closely analogous to the present case is *Hastings et al. v. Bridge et al.,* 86 N. H. 247, 166 A. 273. Testatrix in that case gave all her wearing apparel, jewelry, etc., to one Florence M. Hastings for distribution to persons named in a letter or memorandum of instructions which testatrix should leave addressed to her, and then provided: "Any of the articles not mentioned in said letter or memorandum of instructions I give and bequeath to the said Florence M. Hastings personally and if she is not living, to her children".* A memorandum subsequently prepared by testatrix enumerating about fifty gifts was offered with the will, but, like the memoranda in the present case, was denied probate. The court, in a well reasoned opinion by PEASLEE, C. J., held that Mrs. Hastings took nothing under the provision. The court said, inter alia: "The will plainly contemplated that the memorandum was to be a valid disposition of property—a part of the will. Since there is no such document, a less formal one cannot supply the deficiency in the will nor affect the disposition made by the will. . . . A valid testament includes two essential elements. There must be a sufficient designation of the beneficiary and of the property given to him. If either is in terms left to future designation the will is incomplete and ineffective. . . . In the present case the description of what is to go to Mrs. Hastings is incomplete. If no memorandum had been made, it could not

---

* For the full provision of the will see earlier opinion in this same case reported at 86 N. H. 172, 164 A. 906.

be ascertained what the testatrix intended to give her. Manifestly, there was no intent to give her the whole, and, no separation having been made, the whole clause would be ineffective. Unless some further act of designation were performed, there was no gift. . . . The whole case comes to this: The testatrix said in her will, 'I give Mrs. Hastings that part which I do not give to someone else'; or, as more directly applying to her, 'such part as I do not subsequently say she shall not have.' The designation is incomplete." The reasoning of this decision is unanswerable, and it amply sustains our conclusions in the present case.

Decree reversed. Costs to be paid by appellees.

DISSENTING OPINION BY MR. JUSTICE LINN:
The will provides:

Myerstown, Pa. Jan. 4, 1936.

Elmer L. Haak
To
Annie

Annie never was life more uncertain and death more certain to me than now—after returning from our southern trip—after seeing all those accidents along the road.

So I wish and will that you share only with my Estate as the Law provides as if there were no Will, to avoid all discrepancy, but the distributing half to be divided as I will enter off and on in a book in this desk, and whatever writings you may find, to relatives etc.

If any remains, to be divided equally among Mary Leob and the yard employees who were in my employ at least two years at my death.

ELMER L. HAAK

The opinion of the Court seems based on the proposition that the will contains no residuary clause and that the third paragraph is too uncertain to pass anything to the legatees designated in it. The third paragraph,

on its face, is an adequate disposition of any property not passing by prior provisions. In the second paragraph, testator gave to his wife what she would take under the Intestate Laws; the phrase "but the distributing half," next used by him in completing the sentence, therefore meant what was left after paying debts, taxes and necessary legal expenses, and distributing to the widow what the law would have entitled her to take if there had been no will. The proposed beneficiaries, identified in the second paragraph by the words "relatives etc.," were unable to produce any testamentary instrument showing that at his death they should receive anything; without such instrument, the legacies to "relatives etc." were, in the words of section 15 (c) of the Wills Act (considered later) "otherwise incapable of taking effect" and under that section of the act fell into the residue. The third paragraph shows testator intended to, and in fact did, provide disposition of all the property not otherwise passing under his will. The will is his declaration that he intended to die testate and not partially intestate. He said and meant that "If any remains," which is the same as saying, If I have not disposed of all my property to my wife and "relatives etc.," I give what "remains" to the parties designated in the third paragraph. It is an adequate expression of a residuary provision. What constitutes a residuary clause was recently considered in two cases. In *Ingham's Estate,* 315 Pa. 293, 172 A. 662, the words were "What is left of my money after my debts are paid, I wish to give to . . ." The question was whether the words "What is left of my money" included all her cash, stock and bonds, together with a remainder interest in her father's estate, not disposed of earlier in her will. Mr. Justice DREW said, at p. 296, "Hence, when she employed these words at the end of her will, the natural location of a residuary clause, there can be no doubt that she meant thereby to dispose of the entire residue of her estate after the payment of her debts and

the satisfaction of the legacies enumerated in the preceding clauses." In *Bricker's Estate,* 335 Pa. 300, 6 A. 2d 905, the words were "The balance, if any, to be divided into ten equal parts between . . ." The testator had made charitable bequests which failed because of his death within a month of the execution of the will, whereupon next of kin made claim; the orphans' court, having concluded that the will contained no residuary clause to transfer the void legacies, held next of kin were entitled to an account. That conclusion was reversed. Speaking of a residuary clause, Mr. Justice STERN said, at p. 303: "A residuary clause is one which covers all of the estate not disposed of after providing for debts and particular legacies and devises. No technical mode of expression is necessary to constitute such a clause. 'Balance' is the vernacular for the legal phrase 'rest, residue and remainder': see *Thompson's Estate,* 237 Pa. 165, 169; *Taylor's Estate,* 239 Pa. 153, 163. The word 'balance' in the fifth paragraph of this will must be interpreted as meaning 'balance *of the estate,*' there being no reason why it should be restricted to the balance of the fund derived from the items mentioned in the third paragraph: see *In re Hayes' Will,* 263 N. Y. 219, 188 N. E. 716. Whatever ambiguity exists must be resolved in accordance with the principle that a broad rather than a narrow construction of a residuary clause is favored in order to avoid intestacy, it being presumed that a testator intends to dispose of his whole estate: *Fuller's Estate,* 225 Pa. 626, 629; *Carson's Estate,* 130 Pa. Superior Ct. 133, 138."

In *Ingham's Estate,* 315 Pa. 293, 296, 172 A. 662, we said: "It is a well settled rule of construction that a will is not to be interpreted so as to produce an intestacy as to any part of the testator's estate, if it may reasonably be construed so as to avoid such a result. . . ." But it will be observed that, notwithstanding the efforts of the testator to avoid intestacy, his entire estate, by the judgment of this Court, passes precisely as it

would have passed if he had made no will; his widow receives what she would have received if there had been no will, and the next of kin receive the residue under the Intestate Law.

Section 15 (c) of the Wills Act, 1917, P. L. 403, 20 PS Sec. 253, provides: "Unless a contrary intention shall appear by the will, such real or personal estate, or interests therein, as shall be comprised or intended to be comprised in any devise or bequest in such will contained, which shall fail or be void by reason of the death of the devisee or legatee in the lifetime of the testator, or by reason of such devise or bequest being contrary to law, or otherwise incapable of taking effect, or which shall be revoked by the testator, shall be included in the residuary devise or bequest, if any, contained in such will. In any case where such devise or bequest which shall fail or be void, or shall be revoked as aforesaid, shall be contained in the residuary clause of such will, it shall pass to and be divided among the other residuary devisees or legatees, if any there be, in proportion to their respective interests in such residue."

The "relatives etc.," mentioned in the second paragraph, are in the same legal position as if testator had set forth in his will their names and the property he desired to give them and had afterwards cancelled the provision by running his pen through it or by more formal revocation, and left the third paragraph untouched. The words of that paragraph, "If any remains," clearly state his intention that what he had not given, or had withheld, or as to which he had subsequently changed his mind, should pass to the parties designated in the third paragraph. Under section 15 (c) these parties are entitled unless, in the words of the act, "a contrary intention shall appear by the will." Certainly no intention to make the third paragraph ineffective appears. There is no expression of intention to exclude from the residue what, as the testator is presumed to have known, would naturally fall into it. In

Webster's New International Dictionary, residue is defined as "that which remains. . . ." In *Ingham's Estate,* 315 Pa. 293, 172 A. 662, the words "What is left . . .," and in *Bricker's Estate,* 335 Pa. 300, 6 A. 2d 905, "The balance if any," were held to constitute residues. To read the third paragraph, as the majority of the Court appears to read it, as a mere continuation of part of the single sentence which constitutes the second paragraph and then, having read them as one, to treat the combination as a single provision, is not to give adequate effect to the testator's wording, his punctuation and the order adopted by him for expressing the disposition of his property and his obvious intention not to die intestate. After making, in a single sentence, provisions for his wife and "relatives etc.," he came to the end of his will save for the contingency of possible incomplete disposition of all his property; he had reached the point which has been described as the "natural location"* for the residuary clause and then he wrote such a provision. The majority has concluded, as I understand it, that the third paragraph is not a residuary clause but a mere bequest of such property as might subsequently be found not to have been given to "relatives etc.," and that, since these "relatives etc." have been unable to produce a probatable instrument under which they can take, there is nothing that can remain for the parties designated in the third paragraph. But *Wood's Estate,* 209 Pa. 16, 57 A. 1103, is clearly against this interpretation. Wood's will provided that "Everything not otherwise specified . . ." should go to certain legatees. Among the gifts specified were legacies to charities which lapsed because the will was not witnessed. Next of kin claimed the lapsed legacies on the theory that the provision quoted was not a residuary clause but a disposition of only what was

---

* *Ingham's Estate,* 315 Pa. 293, 296, 172 A. 662; Page, Wills (2d ed., 1928), section 868.

not specified; but it was held in an opinion by Judge PENROSE, that the provision in question was a general residuary clause into which the lapsed gifts must fall. On appeal, this Court adopted Judge PENROSE'S opinion which contains a passage applicable to the present appeal. He said, "There may, of course, be a limited or restricted residuary gift which would carry nothing outside of the designated limits; but in the absence of clear evidence of intention to restrict, it is assumed that the testator intended the residuary clause in a general sense. Lord ELDON declared in *Bland v. Lamb*, 2 Jacob & Walker, 399, that 'Very special words are required to take a bequest of a residue out of the general rule,' and in *Leake v. Robinson*, 2 Meriv. 362-392, Sir WM. GRANT said, 'It must be a very peculiar case indeed in which there can be at once a residuary clause and a partial intestacy, unless some part of the residue itself be ill given,' this being quoted with approval by Judge KENNEDY in *Woolmer's Estate*, 3 Wharton, 477." *Wood's Estate*, 209 Pa. 16, 17, 57 A. 1103.
I would affirm the order appealed from.

Mr. Chief Justice SCHAFFER and Mr. Justice MAXEY concur in this opinion.