## Shannon, Appellant, v. Reed et al.

Argued November 26, 1946. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

*Samuel H. Stewart,* with him *Boulton & Boulton,* for appellant.

*Robert F. Hare,* with him *Thos. C. Hare* and *C. Jewett Henry,* for appellees.

Opinion by Mr. Justice Patterson, January 14, 1947:

Spencer S. Shannon, appellant, instituted this action in ejectment against W. W. Reed and Theresa R. Reed, appellees, for a one-half interest in a certain tract of land. A plea of not guilty was entered and an answer filed denying the title of The Immaculate Conception Church of Dudley, appellant's grantor. At the trial of the case, the jury was directed to return a verdict in favor of W. W. Reed and against Theresa R. Reed. The court below dismissed appellant's motions for a new trial and for judgment non obstante veredicto, dismissed appellees' motions for a new trial, and entered judgment non obstante veredicto in favor of Theresa R. Reed. These appeals followed.

The common owner through whom both appellant and appellees claim title was Edward F. Gould, Sr., who died intestate July 27, 1917, leaving three children, Edward, Jr., George and Julia. Edward, Jr., died

intestate, without issue, and not married. The title to the land in question, therefore, vested in George and Julia, each owning an undivided one-half interest therein. Julia died testate July 6, 1929, and George died March 19, 1937. Theresa R. Reed averred in her answer that she purchased George's interest from his heirs, although no proof of the same was offered at the trial.

The will of Julia Gould provided, *inter alia:* "Item: I hereby give and devise all my interest in the royalties received from the Edward F. Gould, Sr. Coal Lands, to the Catholic Church of Dudley, known as The Immaculate Conception Church, and if my Executor hereinafter named and my brother, George Gould, who owns the other half interest in said coal lands, deem it advantageous to sell the coal lands, then I hereby expressly authorize my Executor to sell my interest in the said coal lands, and empower him with the authority to make the necessary deed to convey the same, and I expressly devise and bequeath the proceeds received from the sale of the said coal lands to the said Catholic Church . . . to be held in trust, and invested, the income thereof to be used for the support and upkeep of the said church.

"Item: All the rest of my estate of every nature and kind, and wheresoever situated, I hereby give, devise and bequeath to the Catholic Church, known as the Immaculate Conception Church."

The power of sale was never exercised and cannot now be exercised because of the death of both George Gould and the named executor. Bishop Guilfoyle of the diocese in which the said church is situate, and admittedly the proper person to effect a conveyance of church property under canon law applicable to said church, on June 6, 1944, executed and delivered to Spencer S. Shannon, appellant, a fee simple deed for the undivided one-half interest in said land asserting title thereto by reason of the above provisions of the will of Julia Agnes Gould.

Edward F. Gould, Sr., on October 8, 1914, leased the land to the Midlothian Coal Company, for a term of ten years, with the right to remove coal. Provision was made for extensions of ten year periods, at the option of lessee, and for a guaranteed minimum royalty. After the death of Edward F. Gould, Sr., a receiver was duly appointed for the company. Its assets, one of which was the lease, were sold at public sale to W. W. Reed, appellee. Said sale was duly approved by the court. The trial judge in directing the respective verdicts, assumed that said lease was presently in full force and effect.

Appellant contends that (1) the exercise of the power of sale having been dependent upon the judgment of George Gould, now deceased, the gift of income is divested thereof and constitutes an unlimited gift of income or a gift of the land itself; and (2) the court erred in not permitting the jury to determine whether there had been either an abandonment or a failure to accept the terms of the Midlothian lease. Had either been found as a fact, the purpose of the trust would have been rendered impossible of accomplishment and the basis of appellees' right to possession would not exist.

It is unnecessary to review in detail the evidence regarding abandonment of the lease and whether Reed entered upon the land pursuant to said lease or as agent for the receiver. It is sufficient that the court below found it "unnecessary at this time to pass upon the effect of the agreement with the Midlothian Coal Company, as the verdicts were directed on the assumption that [appellant] did not have a good title because the will of Julia Agnes Gould did not vest the title to the property in the Church at Dudley." If the court erred in said assumption, a new trial must be awarded.

Whether there had been an abandonment or whether Reed did not enter upon the premises pursuant to the Midlothian agreement, were facts to be determined by

a jury and not by the court as a matter of law. Julia Gould intended not only that the Catholic Church at Dudley should have the full benefit of all income from the coal lands, but that it was to receive her entire estate less a few minor bequests. In the event of the exercise of the power of sale, the entire proceeds were given to the church. Most important of all, it was the recipient of her residuary estate. "A residuary clause is one which covers all of the estate not disposed of after providing for debts and particular legacies and devises:" *Bricker's Estate,* 335 Pa. 300, 303, 6 A. 2d 905. Title to her interest in the land passed to the church as part of the residuary estate. The only duty imposed upon her executor was to collect the royalties to which the estate was entitled by reason of the provisions of the Midlothian lease. If said lease was not in effect, the trust, if it may properly be called such, was at an end. The court below was in error in holding that the will of Julia Agnes Gould did not vest title in the church.

Ejectment is possessory action: *Irwin v. Hoffman,* 319 Pa. 8, 17, 179 A. 41. Appellant established his right to possession by proving a valid title. W. W. Reed attempted to establish the Midlothian lease as a valid subsisting instrument, and thereby defeat appellant's right to immediate possession. Abandonment of the lease or a failure to accept its terms is therefore of primary importance. The status of the lease is a question of fact to be determined by a jury.

Theresa R. Reed, although in her answer she averred title by purchase from the heirs of George Gould, offered no proof thereof at the trial. Tax titles offered to support her title were withdrawn with the consent of the court. There was, therefore, no evidence regarding her right to possession. Judgment was entered non obstante veredicto in her favor solely because of the assumed defective title of appellant. Both judgments must be reversed and a new trial granted.

Judgments reversed and a new trial granted.