## Gray Estate

594

*Raymond J. Porreca*, for accountant.
*Louis Marion*, for Commonwealth.

KLEIN, P. J., March 1, 1957.—Elizabeth E. Gray died on May 9, 1956, unmarried and without issue, leaving a will which was admitted to probate on May 15, 1956, when letters testamentary were granted. Proof of advertisement of notice thereof was produced to the auditing judge.

The will of testatrix, after directing the payment of her debts and funeral expenses, reads as follows:

"ITEM II.

"I give, bequeath and devise twelve per cent (12%) of my estate, real, personal and mixed, of whatsoever kind and nature and wheresoever situate unto Inez Cox, of 744 High Street, Bethlehem, Pennsylvania.

"ITEM III.

"I give, bequeath and devise eleven per cent (11%) of my estate, real, personal and mixed, of whatsoever kind and nature and wheresoever situate, unto Stewart West.

"ITEM IV.

"I give, bequeath and devise eleven per cent (11%) of my estate, share and share alike, to Mrs. Ernest Snyder and to Ernest Snyder, of Bethlehem, Pennsylvania.

"ITEM V.

"I give, bequeath and devise eleven per cent (11%) of my estate, real, personal and mixed, of whatsoever kind and nature and wheresoever situate, unto Mrs. William Hitchens and to William Hitchens, share and share alike.

"ITEM VI.

"I give, bequeath and devise unto Mrs. Josephine Chamberlain, of Newtonville, Massachusetts, eleven per cent (11%) of my estate.

"ITEM VII.

"I give, devise and bequeath unto Wendell E. Clarke, of East Bethlehem, New York, eleven per cent (11%) of my estate.

"ITEM VIII.

"I give, bequeath and devise unto Mrs. Chado Chamberlain, of Newtonville, Massachusetts, eleven per cent (11%) of my estate, share and share alike.

"ITEM IX.

"I give, bequeath and devise unto the Reverend Henry Shillington and Mrs. Henry Shillington, of Columbus, Ohio, eleven per cent (11%) of my estate, share and share alike.

"ITEM X.

"I give, bequeath and devise unto Edwin Gray, of Brookville, Connecticut (brother of my husband, Herbert C. Gray), eleven per cent (11%) of my estate.

"ITEM XI.

"In the event, however, that any of the beneficiaries under this will predeceases me, then his or her share devolves into my residuary estate. If a bequest is to husband and wife, both husband and wife have to predecease me in order to have his, her or their share pass into the residuary estate."

A copy of the will, certified by counsel to be true and correct is annexed hereto.

Josephine Chamberlain, decedent's sister, who was bequeathed 11 percent of the estate in Item VI, predeceased testatrix, survived by issue. Since testatrix was not survived by a spouse or issue, in the absence of a contrary intent appearing in the will, this legacy would not lapse but would pass to the legatee's surviving issue, who would take the share per stirpes: Section 14(8) of the Wills Act of April 24, 1947, P. L. 89.

Does such a contrary intent appear in the will in the present case? We think it does.

Item XI provides: "In the event, however, that any of the beneficiaries under this will predecease me, then his or her share devolves into my residuary estate." A careful reading of the entire will discloses that testatrix failed to designate with particularity any specific paragraph as a residuary clause.

If the will makes no disposition of the "residuary estate", then, it could be argued that an intestacy has occurred or that the legacy in question passes to Josephine's issue, per stirpes.

In our opinion, however, testatrix has made a complete disposition of her entire estate.

By Item I of her will testatrix directed the payment of her debts and funeral expenses. By Items II to X, inclusive, she disposed of the remainder of her estate, both real and personal, by giving nine fractional interests which, when totaled, constitute 100 percent of the balance of her estate.

No particular language or technical mode of ex-

pression is necessary to constitute a residuary clause. Regardless of how it is designated, a residuary clause is one which covers all of the estate not disposed of after providing for debts and particular legacies and devises: Bricker's Estate, 335 Pa. 300 (1939). Its position in the testamentary writing is of no consequence. It may be at the beginning, instead of at the end of a will, and this in no way affects its character or impairs its efficiency: Fox's Appeal, 99 Pa. 382 (1882) ; Appeal of Merkel, 109 Pa. 235 (1885) ; Bricker's Estate, supra. Whatever ambiguity exists must be resolved in accordance with the principle that a broad rather than a narrow construction of a residuary clause is favored in order to avoid intestacy, it being presumed that a testator intends to dispose of his whole estate: Fuller's Estate, 225 Pa. 626 (1909) ; Carson's Estate, 130 Pa. Superior Ct. 133 (1938) ; Bricker's Estate, supra.

Since Items II to X, inclusive, disposed of testatrix's entire estate after the direction for the payment of debts and funeral expenses, these nine paragraphs must be considered collectively in their entirety as being in the nature of a residuary clause, giving effect to testatrix's intention to dispose of her whole estate and to prevent any part of it from devolving under the intestate laws. The 11 percent share of the deceased sister, Josephine, therefore passes to the other legatees named in the will, who survived testatrix, pro rata, in proportion to their respective designated fractional interests.

We are fortified in this conclusion by the fact that the adoption of this construction not only appears to conform to testatrix's intention, which is always the pole-star of testamentary construction, but it also gives effect to all of the language employed by testatrix and does not require us to disregard the reference to her "residuary estate". . . .

And now, March 1, 1957, the account is confirmed nisi.