## Clifford Estate

*Arthur C. Dorrance, Jr.,* of *Dechert, Price & Rhoads,* for petitioner.

*Catherine R. Barone,* Assistant Attorney General, for Commonwealth.

TAXIS, *P. J.*, August 4, 1975—This matter comes before the court upon petition for declaratory judgment filed by Esther Rowland Clifford. The matter was returnable on June 6, 1975, and the citation directed that the United States and the Commonwealth of Pennsylvania be served with notice. On the return day, proof of service, as directed, was duly certified.

Henry Clifford died on November 15, 1974, a resident of Bryn Mawr, Montgomery County, Pa., survived by his wife, Esther Rowland Clifford, and two sons, H. Pier Clifford and Nicholas Clifford. Decedent left a will dated April 30, 1974, which was duly probated and letters granted to the petitioner, Esther Rowland Clifford.

Article FIRST of the will provides as follows:

"FIRST: Properties in Switzerland and Italy: If my wife, ESTHER ROWLAND CLIFFORD, survives me, I give, devise and bequeath my property located at Mt. Pelerin-Sur-Vevey, Canton Vaud, Switzerland, and my property known as Villa Capponi, located at Arcetri, Florence, Italy, and the furniture, fixtures and furnishings of each property to my wife, ESTHER ROWLAND CLIFFORD, as trustee, with power in her to sell any part or all of each property and the contents thereof at public or private sale for cash or for credit or partly for each, and to invest the proceeds of sale in any real or personal property she may think appropriate; without any restriction as to the manner of investment, and also with power in her to lease each property for any period of time, IN TRUST to permit my wife, ESTHER ROWLAND CLIFFORD, to have the usufruct of each property and its contents or the proceeds thereof, and upon her death to transfer each property and its contents or the proceeds

thereof, to my sons, H. PIER CLIFFORD and NICHOLAS CLIFFORD, in equal shares, absolutely. If my wife does not survive me, I give each property and the contents thereof to my sons, H. PIER CLIFFORD and NICHOLAS CLIFFORD, in equal shares, absolutely."

On May 3, 1975, the widow executed an unconditional disclaimer of her usufruct in the Villa Capponi and its contents situated in Florence, Italy, and thereafter on the same date her sons, H. Pier Clifford and Nicholas Clifford, executed conditional disclaimers of their interests in the property. The assets of the Clifford estate apart from the Villa Capponi and its contents are entirely insufficient to pay all of the debts, taxes and administration expenses and even after sale of the property and satisfaction of these charges from the proceeds of sale, the remaining funds cannot, absent the disclaimers, be utilized to satisfy the legacies provided in Article THIRD and the marital gift provided in Article FOURTH.

The widow and her sons have disclaimed their interests in the Villa Capponi and its contents because of a desire to provide each to satisfy the provisions of Article THIRD, FOURTH and FIFTH of the will and their action was taken on the advice of counsel that under Pennsylvania law their disclaimers made the property part of the general testamentary estate.

The issue, therefore, is: When the life tenant and remaindermen have disclaimed their respective interests in a pre-residuary trust and the other assets of the probate estate are insufficient to cover debts, taxes and administration expenses and to satisfy other pre-residuary gifts, does not the disclaimed property become part of the general pro-

bate estate so that the proceeds of its sale are available to satisfy these charges and legacies?

The disclaimers executed by Mrs. Clifford and her sons of their interests in the trust of the Villa Capponi and its contents were clearly authorized and valid under section 6103 of the Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508 (No 164), 20 Pa.C.S. §6103. Accordingly, the main question is what disposition is to be made of the disclaimed property? We turn to section 2514 of the Probate, Estates and Fiduciaries Code, supra, 20 Pa. C.S. §2514, subparagraph (10). Subparagraph (9) of section 2514 is inapplicable because subsection (9) is confined to a situation where a pre-residuary legatee has failed to survive the testator, an event which did not occur in this estate.

Subparagraph (10) of section 2514 applies when the testator has not demonstrated a contrary intent and when a different disposition is not expressly provided for by law. In the present case, the will indicates a contrary intent. Article THIRD of the Clifford will provides $60,000 of cash legacies and Article FOURTH provides a marital gift for the surviving spouse designed to reduce the Federal estate tax to the lowest possible figure. Since other assets in the probate estate are not sufficient to pay the debts, taxes and administration expenses and to satisfy these pre-residuary gifts, the disclaimed property must be applied toward that end. Only when all such prior charges have been fully satisfied can there be a residuary estate. See Shannon v. Reed, 355 Pa. 628, 632, 50 A.2d 278 (1947); Bricker's Estate, 335 Pa. 300, at 303, 6 A.2d 905 (1939). In the circumstances here involved, an alternative provision expressly provided for by law is section 3541 of the PEF supra, 20 Pa. C.S. §3541, where the following rules of abatement are set forth:

(a) General Rules—Except as otherwise provided by the will, if the assets are insufficient to pay all claimants and distributees in full, the shares of distributees, without distinction between real and personal estate, shall have priority of distribution in the following order:

"(1) Property specifically devised or bequeathed to or for the benefit of the surviving spouse.

" . . .

"(4) Property disposed of by will in the form of a general bequest of cash, stocks or bonds.

" . . .

"(6) Property devised or bequeathed in a residuary clause."

Accordingly, as a result of the disclaimers, the Villa Capponi and its contents became a part of Henry Clifford's general probate estate and, as such, to the extent not required to discharge of debts, taxes and administration expenses, shall be applied toward satisfaction of the pre-residuary legacies and marital gift in Articles THIRD and FOURTH of the will and anything remaining to constitute the residuary estate under Article FIFTH of the will.